10930

STATE v. DAVIS

(113 S. E., 491)

1. CRIMINAL LAW—ADMISSION OF EVIDENCE NOT REVIEWABLE, WHEN GROUNDS OF OBJECTION NOT SPECIFIED.—An exception complaining of the admission of evidence cannot be sustained, where it does not appear from the record that the grounds of objection were specified.

2. CRIMINAL LAW—ACCUSED, DESIRING INSTRUCTION THAT NECESSITY FOR SELF-DEFENSE MIGHT BE ONLY APPARENT, SHOULD HAVE RE-QUESTED IT.—An instruction that self-defense was based on the idea that there must have been a necessity for the striking, and that, if there was a necessity for the defendant to strike whoever he did strike, he had the right to strike, provided such necessity came up to the limitation allowed by the law as an excuse for striking,

NOTE: On right of self-defense against assault provoked by abusive language, see note in 51 L. R. A. (N. S.), 838.

meant merely that the plea of self-defense was based on necessity, and if defendant desired a fuller statement of the law, to show that the necessity might be apparent, instead of real, he should have requested it.

3. ASSAULT AND BATTERY—INSTRUCTION AS TO BRINGING ON DIFFICULTY, AS BEARING ON SELF-DEFENSE, NOT ERROR.—A portion of the charge on self-defense on trial for assault and battery, in which the Court asked which of the parties was in fault in starting the trouble, and who was in the wrong by reason of using language such as would anger a man and bring about a necessity for self-defense, and whether defendant was the man in fault in bringing it about, merely charged the principle that, before defendant can plead self-defense, it must appear that he was not at fault in bringing on the difficulty, and that the use of language reasonably calculated to provoke an encounter deprives defendant of such plea, and was not erroneous.

4. ASSAULT AND BATTERY—INSTRUCTION AS TO NECESSITY OF USING MEANS OF ESCAPE BEFORE RESORTING TO SELF-DEFENSE NOT ERROR.— Instruction, on trial for assault, that one claiming self-defense must use all available means of escaping from the difficulty, without the necessity which might arise to strike another man, was not erroneous.

5. CRIMINAL LAW—INSTRUCTION AS TO SELF-DEFENSE NOT ERRONEOUS AS TO BURDEN OF PROOF, IN VIEW OF FURTHER INSTRUCTION.—An instruction, on trial for assault, that the burden was on the man on trial to prove every element of self-defense by the preponderance of the testimony, was not erroneous, as placing on defendant the burden of proving his innocence, where, immediately following, the Court charged that the jury could not convict, unless every material point going to show guilt was proved beyond a reasonable doubt.

6. CRIMINAL LAW—EXCEPTION TO VERDICT AS CONTRARY TO LAW AND EVIDENCE TOO GENERAL.—An exception on the ground that the verdict was contrary to the law and the evidence was too general for consideration.

7. CRIMINAL LAW—INSTRUCTION AS TO ADMISSION OF STRIKING PROSECUTOR CONSTRUED.—On trial for assault, instruction that defendant admitted that he struck the prosecutor with a pitchfork as charged, but claimed self-defense, meant only that he admitted the fact of striking, and not that he did so in the manner alleged.

Before MEMMINGER, J., Horry.   Affirmed.

Frank Davis, convicted of assault and battery of a high and aggravated nature, appeals.

The exceptions, were as follows:

(1) That his Honor erred, it is respectfully submitted, in allowing the witness, Jesse Williamson, to testify, over the objection of defendant, as follows: "We were ginning Mr. Johnson's cotton at that time, and Mr. Johnson said, 'You are going to have trouble with that colored man.' I said, 'What colored man?' He said, 'Frank Davis.' Q. Where was Frank Davis? A. On his wagon. Q. How far from you? A. About 10 steps. Q. Do you know whether he heard the conversation or not? A. No, sir. Q. Could he have heard it? A. Yes; he could have heard it"—the error being that the testimony was a conversation between two parties, not in the presence of the defendant, before the difficulty occurred, and was the rankest hearsay, and not binding on defendant, was clearly incompetent, and extremely harmful and prejudicial to the rights of defendant, and was an opinion of a third party.

(2) That his Honor erred, it is respectfully submitted, in charging the jury as follows: "The idea is this: That it is based upon the idea that there must have been a necessity for striking. Now, if this man, Frank Davis, had a necessity for striking any one of those around there described in the testimony, if there was a necessity to do the striking, whoever he may have struck, he had the right to strike, and be excused for that striking, providing that necessity comes up to the limitation which the law allows to be an excuse for striking"—the error being that it placed on the defendant the burden of showing an absolute necessity for striking, whereas he should have charged that, if there was an apparent necessity for striking, and that defendant believed it was necessary to strike in order to protect himself, and that a man of ordinary firmness and courage would have believed that it was necessary to strike, then the defendant would be excused.

(3) That his Honor erred, it is respectfully submitted, in charging the jury as follows: "So, as between Davis,

the defendant, and any of these parties charged to have been mixed up on this occasion, who was in fault in starting that trouble? Who was it in the wrong by reason of using such language as would anger a man and bring about such necessity? Was Frank Davis the man in fault in bringing it about?"—the error being that it was a charge upon the facts, and that conveyed to the jury the idea that language would be a sufficient legal provocation for those engaged in the difficulty to attack the defendant, and conveyed to the minds of the jury the idea that the defendant was in fault in bringing on the difficulty.

(4) That his Honor erred, it is respectfully submitted, in charging the jury as follows: "The next requirement is that he must use all available means of escaping from the difficulty, without the necessity which might arise to him to strike another man"—the error being that it required the defendant to use all available means of escape, whereas he should have charged that the defendant was required to use only such means of escape as a man of ordinary firmness and courage would have used without endangering his own safety.

(5) That his Honor erred, it is respectfully submitted, in charging the jury as follows: "The burden is upon the man 'on trial who seeks excuse on the ground of self-defense to prove every element of that defense by the preponderance of the testimony. He does not have to go to the extent of proving it beyond a reasonable doubt, but merely to prove it by the greater weight of the testimony. You will not be governed by the greater number of witnesses, but it is that testimony which carries weight to the jury which makes it preponderate on his side, or as the law states it, that raises a reasonable doubt"—the error being that it placed the entire burden on the defendant of proving his innocence, whereas he should have charged that the State must prove his guilt beyond a reasonable doubt, and the defendant might sit quiet and say nothing until

the State proved him guilty beyond a reasonable doubt, and that, even if the defendant failed to establish his plea of self-defense by the preponderance of the testimony if the testimony was sufficient to raise a reasonable doubt in the minds of the jury, they must give the defendant the benefit of the doubt, and find a verdict of not guilty.

(6) That the verdict was contrary to the law and the evidence in the case.

(7) His Honor erred, it is respectfully submitted, in charging the jury as follows: "This man comes in and admits that he struck the man with a pitchfork as charged in the indictment, but he claims, in addition to the plea. of not guilty of any offense whatever, what is known in the law as an excuse, to wit, self-defense"—the error being that it was a charge upon the facts, and charged the jury that the defendant came into Court and admitted that he feloniously and with malice aforethought committed an assault and battery by striking the defendant with a pitchfork with intent to kill.

*Messrs. Robt. B. Scarborough* and *Cordie Page,* for appellant, cite: *Testimony of statements by third party, not in presence of accused, not admissible:* 94 S. C., 214; 82 S. C., 388; 106 S. C., 392; 94 S. C., 439; 80 S. C., 352; 83 S. C., 34. *Self defense:* 13 S. C., 464; 112 S. C., 100; 32 S. C., 44; 33 S. C., 595; 33 S. C., 600; 35 S. C., 290; 66 S. C., 452; 68 S. C., 137; 73 S. C., 278; 112 S. C., 95; 75 S. C., 510; 91 S. C., 235; 49 S. C., 488; 103 S. C., 316; 29 S. C., 236; 2 R. C. L., 550. *Burden of proving innocence put on defendant:* 103 S. C., 316; 91 S. C., 235; 68 ·S. C., 304.

*Mr. L. M. Gasque, Solicitor,* for respondent, cites: *Testimony of statements which form part of transaction are admissible:* 13 S. C., 459; 68 S. C., 303; 68 S. C., 276; 103 S. C., 278: *Attention of Court should have been called to objectionable charge:* 64 S. C., 311.

July 5, 1922.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Appeal from a conviction of assault and battery of a high and aggravated nature. The exceptions will be reported.

The First Exception. This exception cannot be sustained, for the reason that it does not appear from the record that the grounds of objection were specified.

The Second Exception. All that the Circuit Judge meant to say was that the plea of self-defense is based upon necessity. That necessity may be real or apparent to the defendant; if the defendant desired a fuller statement of the law, he should have made a request therefor.

The Third Exception. The Circuit Judge did no more than charge the well-established principle that, before a defendant can successfully interpose the plea of self-defense, he must show, as one of the elements of that plea, that he was not at fault in bringing on the difficulty, and that the use of language reasonably calculated to provoke personal encounter deprives the defendant of the plea.

The Fourth Exception. The charge is sustained by the case of *State v. Abercrombie,* 114 S. C., 241; 103 S. E., 524.

The Fifth Exception. The omission contended for was supplied by the sentence which immediately follows the portion of the charge excepted to:

"You cannot convict, gentlemen—a verdict for conviction cannot be had, under our law—unless every material point going to show the guilt of the accused is proved beyond a reasonable doubt."

The sixth exception is too general for consideration.

The Seventh Exception. The charge is not sus-
7    ceptible of the construction placed upon it by the
appellant, but means no more than that the defendant
admitted the charge in the indictment that as a fact he
struck the prosecutor with a pitchfork, and not that he had
done so in the manner alleged.

The judgment of this Court is that the judgment of the
Circuit Court be affirmed.