12705

STATE v. FAULKNER

(149 S. E., 108)

*Messrs. Laney & Chapman*, for appellant,

*Solicitor M. J. Hough*, for the State.

July 22, 1929.

The opinion of the Court was delivered by Mr. Justice Stabler.

The defendant, William A. Faulkner, was charged with assault and battery with intent to kill one J. W. Moore, found guilty, and sentenced to six months' imprisonment.

In the year 1926, Moore was a share cropper for Faulkner, and lived on the latter's land about 400 yards from his residence. It appears that Faulkner's residence is between his horse lot and Moore's residence, and that two roads or paths lead from Moore's home to the lot, passing near Faulkner's residence, one on the north and the other on the south. On November 23, Moore took his cow to the lot, where he and his brother-in-law, Grover Harp, who came up to inquire about a vise, had some unfriendly conversation with the defendant, who testified that Harp drew his knife. Faulkner ordered them to leave, went to his house, got his gun, and, as he says, "came back at them on the porch." Moore left the lot with his cow, and started back to his home along the road on the south side of Faulkner's house. Faulkner testified that Moore "started like he was coming to the house," and that he shot his gun into a tree "to scare them off," though he did not at that time know where Harp was. Thereupon Moore, telling Harp to bring his gun, continued with his cow in the direction of his home. When he had gone about 38 yards from Faulkner's residence, Harp met him and gave him the gun, and, Faulkner having in the meantime gone back into his house and reloaded his gun and returned to the porch, they fired at each other—the testimony

being in conflict as to who fired the first shot—and Moore was badly wounded. In this statement we have omitted many details, deeming it necessary to refer to such facts and evidence only as are necessary to an understanding of the case and to a decision of the questions at issue.

The appeal assigns error to the trial Judge in failing to charge the jury "the law as to the rights of a person at his own home and on his own premises in the use of such force as is necessary to expel a person from such premises." The State contends that error cannot be predicated upon such failure to charge, for the reason that the appellant made no request for such instruction. We do not agree with this contention. No citation of authority, of course, is necessary to support the proposition that, where the trial Judge makes a correct general charge of the law applicable to the case as made by the evidence, a party desiring more detailed instructions must make request therefor. That principle, however, has no application in the case at bar. The "right to eject" is a distinct defense, and, if a charge as to the law governing this right was applicable to the case, the defendant was entitled to such charge, whether he requested it or not.

In *State v. Du Rant*, 87 S. C., 532, 70 S. E., 306, 307, this Court said: "The requirement of the Constitution that the Judge 'shall declare the law' does not mean that the Judge shall tell the jury all about that branch of the criminal law under which the crime charged in the indictment falls; but it means that he shall explain so much of the criminal law as is applicable to the issues made by the evidence adduced on the trial. The purpose of a charge is to enlighten the jury. This purpose is accomplished by a statement of the law which fits the concrete case."

In *State v. Dodson,* 16 S. C., 453, 463, the Court held: "A Judge is not bound to lay before the jury all the law which might, under any circumstances, apply to the offense charged, but only such principles as are applicable to the

case as made by the evidence; and if the party charged desires to have any other principles of law laid down to the jury, it is his duty to request the Judge to instruct the jury as to such òther·propositions as he may desire the jury to be informed of."

We find, however, from an examination of the testimony, that the law as to the "right to eject" was not applicable in this case. The exceptions raising this question are evidently based on some confusion as to the "right to eject." The right to use such force, even to the taking of life, as is necessary to eject a trespasser, applies to the habitation, and perhaps to the curtilage, but not to other parts of the premises. As to the latter, the rights of the occupant are limited to immunity to the law of retreat, in case he slays or wounds the trespasser and enters the plea of self-defense. *State v. Bradley,* 126 S. C., 528, 120 S. E., 240. But the testimony, aside from any rights that Moore as a tenant of Faulkner may have had on the premises outside of Faulkner's curtilage, does not support the view that Faulkner, at the time he shot Moore, was attempting to eject him from the habitation, the curtilage, or any other part of the premises. By defendant's own testimony, Moore left the lot after being ordered to do so, passed by defendant's house, and proceeded toward his own home with his cow. After Faulkner shot into the tree, Moore continued in the direction of his own home and was 38 yards away when he was shot by Faulkner. The view most favorable to the defendant under the evidence would be that he shot in self-defense, and the trial Judge correctly charged the law as to that defense, telling the jury that, under such plea, a man in his own yard is under no necessity to retreat, but can stand his ground. The failure to charge the law as to the "right to eject" was therefore not error.

The appellant also urges that the trial Judge committed error in questioning certain witnesses; the questions asked "being in the nature of a cross ex-

amination on behalf of the State, having at least a tendency to prejudice the jury against the defendant." This objection is without merit. The record shows that the Court's examination could not possibly have had the effect complained of; it merely tended to develop the truth of the issue, and was in no way prejudicial to the defendant.

In *State v. Anderson,* 85 S. C., 229, 67 S. E., 237, 238, 137 Am. St. Rep., 887, this Court said: "A grave responsibility rests upon a trial Judge. It is his duty to see to it that justice be done in every case, if it can be done according to law; and, if he thinks that the attorney for either party, either from inadvertence or any other cause, has failed to ask the witnesses the questions necessary and proper to bring out all the testimony which tends to ascertain the truth of the matter under investigation, we can see no legal objection to his propounding such questions; but, of course, he should do so in a fair and impartial manner; and should not, by the form or manner of his questions, express or indicate to the jury his opinion as to the facts of the case, or as to the weight or sufficiency of the evidence."

See, also, *State v. Mitchum* (S. C.), 148 S. E., 184.

The judgment of the Circuit Court is affirmed.

Mr. Chief Justice Watts and Messrs. Justices Cothran, Blease and Carter concur.