12949

STATE v. BLACKSTONE

(154 S. E., 161)

*Messrs. D. W. Gaston, Jr.,* and *Williams, Croft & Busbee,* for appellant,

*Mr. B. D. Carter, Solicitor,* for the State,

July 14, 1930.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

On May 10, 1929, the defendant, Ollie Blackstone, was tried for murder in the Court of General Sessions for Aiken County, was convicted of manslaughter, and was sentenced to a term of six years.

The defendant, on appeal, excepts to the following charge of the Court with respect to the plea of self-defense:

"The first, is the necessity, because self-defense is bottomed on the law of necessity. The law says if it was neces-

sary for you to do this in order to save yourself from being killed or from serious bodily harm, you are excused, provided you make out the other elements of self-defense. He must not only show that it was necessary for him to do as he did, and that he believed it, but that a man of ordinary coolness and firmness placed in his situation at the time he fired the shot, would have also believed as he said he believed that it was necessary to shoot or strike to protect himself."

This exception must be sustained. The charge made actual necessity the test and excluded the defendant's right to rely upon apparent necessity. The accused has a right to rely upon his belief in the necessity, provided that the circumstances in which he was placed were such as would, in the opinion of the jury, justify such a belief in the mind of a person possessed of ordinary firmness and reason. *State v. Bethune,* 112 S. C., 100, 99 S. E., 753, and numerous other cases.

The charge here is different from that in *State v. Davis,* 121 S. C., 350, 113 S. E., 491, in which, the charge being correct as far as it went, it was held that if the defendant desired a fuller statement of the law he should have made a request therefor. The case differs also from those like *State v. Herron,* 116 S. C., 282, 108 S. E., 93, in which, the charge being taken as a whole, it was held that a statement indicating that the necessity must be actual was cured by another statement that the defendant had the right to rely on appearances. In the case at bar what the trial Judge said with reference to necessity was erroneous, and the error was not cured by anything else in the charge.

It is suggested, however, that the instruction complained of was not error, for the reason that the evidence in the case shows conclusively that, if there was a necessity for the killing, it was *actual* and not *apparent;* and hence the proposition of law as to the right of

the defendant to act upon appearances was not applicable under the facts of the case.

We do not so read the record. There was evidence tending to show that, while the deceased indulged in rough play with the defendant, there was no bad feeling between the two men; that the knife the deceased had, if he had one, was an old pocket knife "bent back in the back;" and that after he was shot, he exclaimed,"Man, you shot me and I was playing with you."

The jury might very reasonably have inferred from this testimony that, if the deceased had a knife, it was a broken one with which he could do no great hurt, and that he really intended no harm to the defendant; any such inference would have convinced them that if there was a necessity for the killing, it was not *actual* but only *apparent*. Under these circumstances, the failure of the trial Court to charge the jury that the defendant had a right to act upon appearances was highly prejudicial.

Under this view of the matter it is unnecessary to consider the other exceptions.

The judgment of this Court is that the judgment of the lower Court be reversed, and the case remanded for a new trial.

MR. CHIEF JUSTICE WATTS and MR. JUSTICE BLEASE concur.

MR. JUSTICE COTHRAN (dissenting) : It is unquestionably the law that a defendant, setting up the plea of self-defense, is not required *in every instance* to show that there was an *actual necessity* for him to take the life of his assailant. The circumstances may be such as to demand a limitation of this extreme statement. As his Honor, Judge Bonham, charged in the case of *State v. Boyd* 155 S. C., 435, 152 S. E., 677, 678, now in process of decision :

"* * * The danger need not be actual. If it is an apparent danger, and one which a man of ordinary firmness

and coolness would have come to the conclusion it was an immediate danger, he would have a right to act upon it. Suppose I walked up to you, Mr. Foreman, and presented a pistol at you, and I said I was going to kill you, and you, acting on that, killed me. It may turn out that that pistol was·not loaded, and you were in no danger, yet you were entitled to act on appearance of danger."

As to the correctness of this charge there can be no controversy; and if in the present case there had been any evidence which could reasonably have required such a limitation of the doctrine of necessity, there would have been just ground of complaint with regard to the failure to state it in connection with the requirement of necessity. But as I read the evidence there was no circumstance which required it. The defendant testified that the deceased was attacking him with a knife; that he warded off the blow with his arm; that his sleeve was cut and his arm bruised. The danger was imminent and actual, and if the jury had believed his testimony he should have been acquitted. Many judgments have been reversed upon the ground that the trial Judge charged certain propositions of law in the absence of any evidence establishing a basis for their application; and I do not think that a judgment should be reversed upon the ground that he failed to charge a proposition of law when there were no facts to which it was applicable.

MR. JUSTICE CARTER concurs.

MR. JUSTICE CARTER (dissenting) : Being unable to agree with the conclusion reached in the leading opinion in this case, I most respectfully dissent therefrom. The exception sustained in the leading opinion reads as follows:

"4. The Court erred, it is respectfully submitted, in charging the jury with respect to his right of self-defense as follows: 'The first is the necessity, because self-defense is bottomed on the law of necessity. The law says if it was necessary for you to do this in order to save yourself from being killed or from serious bodily harm, you are excused, provided

you make out the other elements of self defense. He must not only show that it was necessary for him to do as he did and that he believed it but that a man of ordinary coolness and firmness placed in his situation at the time he fired the shot would have also believed, as he said he believed, that it was necessary to shoot or strike to protect himself.' The error being that the charge made actual necessity the test, and although it made actual necessity the test, it further required that a person of coolness must believe as he did that there was actual necessity, and it entirely eliminates apparent necessity, said charge being extremely prejudicial to the defendant in his right of self-defense when his adversary was coming on him in the dark with a knife."

In my opinion this exception should be overruled.

The duty of the trial Judge in his charge to the jury was stated by the Court in the case of *State v. Du Rant,* 87 S. C., 532, 70 S. E., 306 and 307, quoted with approval in the recent case of *State v. Faulkner,* 151 S. C., 381, 149 S. E., 108, as follows:

"The requirement of the Constitution that the Judge 'shall declare the law' does not mean that the Judge shall tell the jury all about that branch of the criminal law under which the crime charged in the indictment falls; but it means that he shall explain so much of the criminal law as is applicable to the issues made by the evidence adduced on the trial. The purpose of a charge is to enlighten the jury. This purpose is accomplished by a statement of the law which fits the concrete case."

In the same opinion, *State v. Faulkner, supra,* the rule stated in the case of *State v. Dodson,* 16 S. C., 453, 463, is also quoted with approval as follows:

"A Judge is not bound to lay before the jury all the law which might, under any circumstances, apply to the offense charged, but only such principles as are applicable to the case as made by the evidence; and if the party charged desires to have any other principles of law laid down to the

jury, it is his duty to request the Judge to instruct the jury as to such other propositions as he may desire the jury to be informed of."

It was the duty of the trial Judge in charging the jury, in the case at bar, to explain so much of the criminal law as was "applicable to the issues made by the evidence adduced on the trial," and that duty was performed by a statement of the law fitting the case; that is, by stating the principle "applicable to the case as made by the evidence." When the trial Judge had thus charged the jury, if the defendant desired any principle of law charged more fully, it was his duty to request the Judge to that effect.

We are unable to agree with the contention that there was testimony tending to show that the defendant acted on appearances. There was testimony to the effect that when two of the witnesses, C. M. Holley and Edward George, went for "George's Undertaking Establishment to get the body from the hospital, it (the body) was dressed in everyday clothes, and in undressing Doy's body his knife fell out of his pocket closed;" but this testimony certainly did not furnish any ground for an inference that the defendant acted on appearances when he killed the deceased. The witness, Louis New, in the course of his testimony, stated, in being examined in reference to a knife: "Fred (the dead man) had nothing but an old pocket knife, an old long one that was bent back in the back. I could not tell whether he had anything in his hand that night or not. We never took any knife off of him while he lay on the ground and if there was any I didn't see it, and if anything was said about a knife, I didn't hear it and I reckon we were all close enough for me to hear." All that can reasonably be inferred from this testimony is that the deceased owned the kind of knife described by this witness, but it cannot be construed to mean that the deceased had that knife in his hand at the time in question or even had it at the place on his person at all. So this testimony furnishes no basis

for the contention that the defendant acted on appearances when he killed the deceased. In this connection it may be stated that the evidence shows that the defendant fired at the deceased four times, three of the shots taking effect. The sheriff stated that when he went for the defendant at the home of the defendant following the killing of the deceased, he found in the defendant's house a knife; but this testimony certainly did not tend to show that the defendant acted on appearances, and it had no bearing on the question. The only other testimony as to the deceased having a knife at the time in question was that of the defendant. The defendant testified, in effect, that deceased was attacking him with a knife at the time he shot the deceased; that he (defendant) warded off the blow of the knife with his arm, and that he (defendant) fired at the deceased and continued to fire at deceased until he got deceased off of him. According to the statement of the defendant, the danger was actual, and such testimony did not call for a charge on appearances as I view it. This was evidently the view the trial Judge took of all of the testimony, and it was evidently the view the attorney for the defendant took, for at the close of the charge, when the presiding Judge inquired of counsel if there was anything further, counsel for the defendant answered in the negative. The following transpired at the close of the charge:

"The Court: I think, gentlemen, that covers the case as far as I can recall. Is there anything else, Mr. Gaston?

"Mr. Gaston (attorney for defendant) : I think not."

It is true that when the trial Judge charges a proposition of law contrary to the defendant's contention or idea as to what the law is, it is not incumbent upon the defendant to then and there take issue with the trial Judge as to what the law is, and to do so would be out of place; but when the Judge in charging the law on any subject charges the law correctly as far as he has gone, but fails to mention some element or condition which the defendant thinks might be of benefit to him, it must be presumed that his Honor in-

advertently overlooked it, and under such circumstances it is the duty of counsel complaining to call the matter to the Judge's attention; especially is this true when invited by the presiding Judge to do so, as was done in the case at bar. Under the testimony in this case, it was clearly the duty of the trial Judge to charge the law of self-defense, but in charging the law of self-defense it was not incumbent upon his Honor to inform the jury in one statement or under one sentence the whole of the law of self-defense or every condition under which a person may act or strike in defense of his person, so as to avoid losing his life or receiving serious bodily injury. His Honor correctly charged the jury that "self-defense is bottomed on the law of necessity." His Honor also properly instructed the jury when he stated, "The law says if it was necessary for you to do this in order to save yourself from being killed or from serious bodily harm you are excused, provided you make out the other elements of self-defense." After thus instructing the jury, his Honor then stated to the jury, "He must not only show that it was necessary for him to do as he did and that he believed it, but that a man of ordinary coolness and firmness placed in his position at the time he fired the shot would have also believed as he believed that it was necessary to shoot or strike to protect himself." If there was no testimony tending to show that the defendant acted on appearances at the time he fired the shot that killed the deceased, then clearly the language used by his Honor, which I have quoted, was sufficient, and there was no occasion or reason for instructing the jury that the defendant might act on appearances. As we have stated, it appears that the presiding Judge took this view of the case, and, judging from what transpired at the close of the charge, to which reference has been made, counsel for defendant at that time entertained the same view as his Honor, that there was no testimony tending to show that the defendant acted on appearances at the time he shot the deceased. Of course, if there was such testimony, which

I do not concede, the defendant was entitled to have the jury instructed as to his right to act on appearances; but, as we have pointed out, the trial Judge having instructed the jury correctly on the law of self-defense, as far as he had gone, if the defendant thought he had the right, under the testimony, to have the presiding Judge go a step further and charge that the defendant could act on appearances, then it was his duty, acting through his counsel, to call his Honor's attention to the matter, and especially is this true when his Honor invited defendant's counsel to do so, and having failed, should not now be heard to complain.

By reference to the language used by the presiding Judge on which the exception is based, which we have quoted herein, it will be observed that his Honor stated to the jury that in order for the defendant to be excused for killing the deceased under the plea of self-defense, it was ncessary for the jury to reach the conclusion that the defendant believed it was necessary to do as he did, and, further, "that a man of ordinary coolness and firmness *placed in his situation at the time he fired the shot* would have also believed as he said he believed, that it was necessary to shoot or strike to protect himself"(italics added). Under this instruction it is clear that the jury could not escape the conclusion that it was their duty in passing upon defendant's plea of self-defense to take into consideration all of the facts and surrounding circumstances at the time the defendant killed the deceased, including the way the facts appeared to the defendant. Under his Honor's instruction the jury could not escape the conclusion that it was largely a question of belief on the part of the defendant, as to the danger which gave to him the right to shoot the deceased at the time in question, provided "that a man of ordinary coolness and firmness placed in his situation at the time he fired the shot would have also believed as he said he believed, that it was necessary to shoot or strike to protect himself." Under this charge the right of the defendant to take into consideration the facts as they

appeared to him and to form his belief on appearances is inescapable, provided a man of ordinary coolness and firmness placed in his situation would have believed, as he claimed to have believed, that it was necessary to shoot or strike to protect himself, as his Honor charged. It clearly appears that under the very language the defendant now complains of he got indirectly what he now contends for.

In my opinion the defendant got a fair and impartial trial, and I think the judgment should be affirmed