# Richmond

CHARLES W. ALPAUGH v. EARL B. WOLVERTON.

March 4, 1946.

Record No. 3019.

Present, All the Justices.

The opinion states the case.

*H. Thornton Davies*, for the plaintiff in error.

*Robert A. Hutchison*, for the defendant in error.

EGGLESTON, J., delivered the opinion of the court.

Charles W. Alpaugh, hereinafter called the plaintiff, filed in the court below a notice of motion for judgment in two counts against Earl B. Wolverton, hereinafter called the defendant.

The first count alleges, in substance, that the defendant was the owner and operator of a "certain public hotel and restaurant," in the town of Manassas, Virginia, "for the reception, lodging and entertainment of the public in general"; that the defendant had entered into an "arrangement and agreement" with the local Chamber of Commerce, under the provisions of which the defendant had agreed to furnish to the members of that organization "lunch, food and drink," on Tuesday of each week; and that although the plaintiff was a member "in good standing" of the Chamber of Commerce, and was known to the defendant to be such, and although the plaintiff tendered to the defendant the price of the meal, yet the defendant, in violation of his "duties and obligations" to the plaintiff, and "in utter disregard of his rights," "wilfully, wickedly, wantonly and maliciously" refused to serve the plaintiff with food and drink on Tuesday, October 31, 1944, while he (the plaintiff) was "'seated at the dining table" in the "hotel," along with "other members of the said Chamber of Commerce," "thereby maliciously humiliating him and bringing him into ridicule, disrespect and disgrace."

The second count is identical with the first, except that it alleges that the defendant had a similar "arrangement and agreement with the Kiwanis Club of Manassas," of which the plaintiff was a member "in good standing," under the terms of which the defendant was to serve dinner to the members of that club on each Friday evening, and that on Friday, November 10, 1944, the defendant had refused to serve the plaintiff along with the other members of the organization.

The defendant filed a demurrer which, in substance, challenged the sufficiency of the notice of motion, and each count thereof, on the grounds that, (1) it improperly combined a tort action with one arising out of a contract, and (2) it failed to allege that the defendant had violated any legal duty which he owed to the plaintiff. The lower court sustained the demurrer on the second ground, without passing on the first, and to review a judgment dismissing the notice of motion the present writ of error has been allowed.

Since we are of opinion that the trial court was right in sustaining the second ground of demurrer, it is not necessary to inquire whether the first ground was likewise well taken.

The notice of motion for judgment is not skilfully drawn. It is not clear from its allegations whether the plaintiff claims that the defendant's failure and refusal to serve him was a breach of the "arrangement and agreement" which the defendant had made with the two organizations, of which the plaintiff was a member, and for his benefit, or whether it was a breach of the legal common-law duty which the defendant, as the operator of the "public hotel and restaurant," owed to him (the plaintiff) as a member of the public. However, both in the written brief and in the oral argument before us, the plaintiff has proceeded under the latter theory, and to that we will address and confine our attention.

The plaintiff insists that the allegations of the notice of motion for judgment are sufficient to show that in furnishing and agreeing to furnish the meals, under the circumstances stated, the defendant was a hotel operator or an

innkeeper; that, as such, he "was not entitled to say whom he would serve and whom he would not so serve," but that "he was legally bound to entertain and serve each and every one requesting such service and entertainment," whether he be a local resident or a traveler from a distance.

The defendant, on the other hand, insists that the allegations show that the relation established, or sought to be established, between the parties was not that of innkeeper and guest, but merely that of restaurateur and customer, and that under the latter relation there was no common-law duty on the part of the defendant to serve the plaintiff, or any other customer, with meals.

In 28 Am. Jur., Innkeepers, section 46, p. 568, the author says: "An innkeeper holds out his house as a public place to which travelers may resort, and of course surrenders some of the rights which he would otherwise have over it. Holding it out as a place of accommodation for travelers, he cannot arbitrarily prohibit persons who come under that character, in a proper manner, and at suitable times, from entering, so long as he has the means of accommodation for them; nor can he arbitrarily refuse to continue to furnish a guest with proper accommodations." See also, Cooley on Torts, 4th Ed., Vol. 3, section 462, pp. 280, 281; *Jackson* v. *Virginia Hot Springs Co.*, 213 F. 969, 973; *Talbott* v. *Southern Seminary*, 131 Va. 576, 579, 109 S. E. 440, 19 A. L. R. 534 (*dictum*).

While some of the early cases seem to restrict the relation of guest of an innkeeper to one who comes from a distance, and to exclude a resident of the town in which the hotel or inn is situated, the modern cases place no such limitation on the relationship. Hence, a townsman or neighbor may be a guest at an inn, provided he is away from home and receives transient entertainment. 28 Am. Jur., Innkeepers, section 22, pp. 552, 553, and authorities there cited.

Once the technical relation of innkeeper or hotelkeeper and guest has been established, the parties become subject to the duties, responsibilities and liabilities which attach to the relationship. Because of the *quasi* public nature

of his business, the innkeeper must furnish proper accommodations in the way of lodging, food, etc., so far as they are available (43 C. J. S., Innkeepers, section 9, p. 1149). He becomes "practically an insurer of the safety of property intrusted to his care" by the guest (28 Am. Jur., Innkeepers, section 67, p. 585), and he incurs other responsibilities which need not be detailed here. In return, he has a lien on the property of his guest for the reasonable charges of such keep and entertainment, both at common law (28 Am. Jur., Innkeepers, section 123, p. 624) and under our statute (Code, section 6444).

A restaurant, on the other hand, is an establishment where meals and refreshments are served. 28 Am. Jur., Innkeepers, section 10, p. 545; 43 C. J. S., Innkeepers, section 1,b, p. 1132.

The proprietor of a restaurant is not subject to the same duties and responsibilities as those of an innkeeper, nor is he entitled to the privileges of the latter. 28 Am. Jur., Innkeepers, section 120, p. 623; 43 C. J. S., Innkeepers, section 20,b, p. 1169. His rights and responsibilities are more like those of a shopkeeper. *Davidson* v. *Chinese Republic Restaurant Co.*, 201 Mich. 389, 167 N. W. 967, 969, L. R. A. 1918E, 704. He is under no common-law duty to serve everyone who applies to him. In the absence of statute, he may accept some customers and reject others on purely personal grounds. *Nance* v. *Mayflower Tavern* (Utah). 150 P. (2d) 773, 776; *Noble* v. *Higgins*, 95 Misc. 328, 158 N. Y. S. 867, 868.

Every one patronizing or seeking to patronize the facilities of a hotel or inn does not necessarily become a "guest" of the establishment within the technical meaning of that term. It is well settled that the proprietor of a hotel may be a technical "innkeeper" as to some of his patrons and a "boardinghouse keeper" as to others. Cooley on Torts, 4th Ed., Vol. 3, section 462, pp. 281, 282; *Hancock* v. *Rand*, 94 N. Y. 1, 46 Am. Rep. 112; *Cedar Rapids Inv. Co.* v. *Commodore Hotel Co.*, 205 Iowa 736, 218 N. W. 510, 511, 56 A. L. R. 1098. Or the relationship may be that

of landlord and tenant. *Shorter* v. *Shelton*, 183 Va. 819, 33 S. E. (2d) 643; *Cedar Rapids Inv. Co.* v. *Commodore Hotel Co., supra.*

No one would seriously contend that a casual patron of a barbershop located in a hotel, or one who purchases a newspaper or cigar from a hotel newsstand, or one who uses the pay telephone in the hotel lobby, by virtue of such patronage alone, thereby became a "guest" of the hotel in a technical sense.

And so, too, where a hotel operator operates a restaurant for the accommodation both of its guests and of the public in general, he may be an innkeeper as to some of his patrons and a restaurateur as to others. Clearly, one who goes into a restaurant, to which the general public is invited, for a meal, should be entitled to no greater privileges and subject to no greater liabilities because the establishment is operated by one who also operates a hotel, rather than by one who furnishes only food to his customers. In either case the customer seeks only restaurant service.

We do not mean to imply that the relationship of innkeeper and guest may not arise where a patron partakes of a single meal at a hotel. There are cases which hold that the relationship may arise in this manner. See *Burton* v. *Drake Hotel Co.*, 237 Ill. App. 76; *Freudenheim* v. *Eppley*, 88 F. (2d) 280. But in these cases there were other circumstances which indicated an intent to create the relationship.

Indeed, the controlling factor in determining whether the relationship of innkeeper and guest has been established is the intent of the parties. 43 C. J. S., Innkeepers, section 3,b, p. 1140; 28 Am. Jur., Innkeepers, section 19, p. 551.

Applying these principles to the case before us, it is clear that the allegations of the notice of motion do not show the establishment of the relation of innkeeper and guest between the parties. On the contrary, they show merely the relationship of restaurateur and patron.

There is no allegation that the plaintiff sought or intended to seek to become a guest of the hotel, or that he, or the

proprietor, or the latter's servants or employees, did any-thing to indicate the intention to create such relation. There is no allegation that the plaintiff sought any of the other accommodations furnished by the establishment. On the contrary, it is clear that he sought merely to patronize the restaurant, as such. The allegation is that the defendant had entered into an "arrangement and agreement" with two social clubs, under the provisions of which the defendant was to serve certain meals on certain days to the members of these clubs, including the plaintiff. It was while the plaintiff was seated at a table in the restaurant, pursuant to these arrange-ments, that he sought and was refused service of meals on two occasions.

Since the notice of motion for judgment charges the de-fendant with the breach of no legal duty, the demurrer thereto was properly sustained. The judgment is

*Affirmed.*