17845

CITY OF GREENVILLE, Respondent, v. James Richard PETERSON, Yvonne Joan Eddy, Helen Angela Evans, David Ralph Strawder, Harold James Fowler, Frank G. Smith, Robert Crockett, James Carter, Doris Delores Wright and Rose Marie Collins, Appellants.

(122 S. E. (2d) 826)

*Messrs. Jenkins & Perry,* of Columbia, and *Willie T. Smith, Jr.,* of Greenville, *for Appellants,*

300

*Messrs. W. H. Arnold* and *H. F. Partee,* of Greenville, *for Respondent,*

November 10, 1961.

TAYLOR, Chief Justice.

Defendants were convicted of the charge of trespass after notice in violation of Section 16-388, Code of Laws of South Carolina, 1952, as amended, and appeal. By agreement of counsel, all bail bonds were continued in effect pending disposition of this appeal.

On August 9, 1960, in response to a call, law enforcement officers were dispatched to the S. H. Kress Store in Greenville, South Carolina, a member of a large chain of stores operated throughout the United States and described as a junior department store. Upon arrival they found the ten defendants and four others who were under sixteen years of age, all Negroes, seated at the lunch counter. There is testimony to the effect that because of the local custom to serve white persons only at the lunch counter the manager of the store announced that the lunch counter was closed, the lights were extinguished, and all persons were requested to leave. The white persons present left, but all Negroes refused to leave; and those above the age of sixteen were thereupon charged with trespass after notice as provided in the aforementioned section of the Code, which provides:

"Any person:

"(1) Who without legal cause or good excuse enters into the dwelling house, place of business or on the premises of another person, after having been warned, within six months preceding, not to do so or

"(2) Who, having entered into the dwelling house, place of business or on the premises of another person without having been warned within six months not to do so, and fails and refuses, without good cause or excuse, to leave immediately upon being ordered or requested to do so by the person in possession, or his agent or representative,

"Shall, on conviction, be fined not more than one hundred dollars, or be imprisoned for not more than thirty days."

Defendants contend, first, error in refusing to dismiss the warrant upon the ground that the charge contained therein was too indefinite and uncertain as to apprise the defendants as to what they were actually being charged with.

Defendants were arrested in the act of committing the offense charged, they refused the manager's request to leave after the lunch counter had been closed and the lights extinguished, and there could have been no question in defendants' minds as to what they were charged with. Further, there was at that time no claim of lack of sufficient information, and upon trial there was no motion to require the prosecution to make the charge more definite and certain. Defendants rely upon *State v. Randolph et al.,* 239 S. C. 79, 121 S. E. (2d) 349, where this Court held that it was error to refuse defendants' motion to make the charge more definite and certain in a warrant charging breach of the peace. It was pointed out in that case that breach of the peace embraces a variety of conduct and defendants were entitled to be given such information as would enable them to understand the nature of the offense. This is not true in instant case where the charges were definite, clear and unambiguous; further, no motion was made to require the prosecution to make the charge more definite and certain. There is no merit in this contention.

Defendants next contend that their arrest and conviction was in furtherance of a custom of racial segregation in violation of the Fourteenth Amendment to the Constitution of the United States.

Defendants entered the place of business of the S. H. Kress Store and seated themselves at the lunch counter, they contend, for the purpose of being served, although four of them had no money and there is no testimony that such service was to be paid for by others.

The testimony reveals that the lunch counter was closed because it was the custom of the S. H. Kress Store in Greenville, South Carolina, to serve whites only and after

all persons had left or been removed the lunch counter was reopened for business. The statute with no reference to segregation of the races applies to "Any person: * * * Who * * * fails and refuses, without good cause or excuse, to leave immediately upon being ordered or requested to do so by the person in possession, or his agent or representative, * * *." The act makes no reference to race or color and is clearly for the purpose of protecting the rights of the owners or those in control of private property. Irrespective of the reason for closing the counter, the evidence is conclusive that defendants were arrested because they chose to remain upon the premises after being requested to leave by the manager.

Defendants do not attack the statute as being unconstitutional but contend that their constitutional rights were abridged in its application in that they were invitees and had been refused service because of their race. The cases cited do not support this contention while there are a number of cases holding to the contrary. See *Hall v. Commonwealth,* 188 Va. 72, 49 S. E. (2d) 369; 335 U. S. 875, 69 S. Ct. 240, 93 L. Ed. 418; *Henderson v. Trailway Bus Company,* D. C. Va., 194 F. Supp. 423; *State v. Clyburn,* 247 N. C. 455, 101 S. E. (2d) 295; *State v. Avent,* 253 N. C. 580, 118 S. E. (2d) 47; *Williams v. Howard Johnson's Restaurant,* 4 Cir., 268 F. 845; *Slack v. Atlantic White Tower System, Inc.,* D. C. Md., 181 F. Supp. 124; 4 Cir., 284 F. (2d) 746; *Griffin v. Collins,* D. C. Md., 187 F. Supp. 149; *Wilmington Parking Authority v. Burton,* Del., 157 A. (2d) 894; *Randolph v. Commonwealth,* 202 Va. 661, 119 S. E. (2d) 817. The Fourteenth Amendment erects no shield against merely private conduct, however discriminatory or wrongful, *Shelley v. Kraemer,* 334 U. S. 1, 68 S. Ct. 836, 92 L. Ed. 1161, 3 A. L. R. (2d) 441; and the operator of a privately owned business may accept some customers and reject others on purely personal grounds in the absence of a statute to the contrary, *Alpaugh v. Wolverton,* 184 Va. 943, 36 S. E. (2d) 906. In the absence of a statute forbidding discrimination based on race or

color, the operator of a privately owned place of business has the right to select the clientele he will serve irrespective of color, *State v. Avent,* 253 N. C. 580, 118 S. E. (2d) 47. Although the general public has an implied license to enter any retail store the proprietor or his agent is at liberty to revoke this license at any time and to eject such individual if he refuses to leave when requested to do so, Annotation 9 A. L. R. 379; Annotation 33 A. L. R. 421; *Brookside-Pratt Mining Co. v. Booth,* 211 Ala. 268, 100 So. 240, 33 A. L. R. 417; and may lawfuly forbid any and all persons, regardless of reason, race or religion, to enter or remain upon any part of his premises which are not devoted to public use, *Henderson v. Trailway Bus Company,* 194 F. Supp. 423, 426.

The lunch counter was closed, the lights extinguished, and all persons requested to quit the premises. Defendants refused and their constitutional rights were not violated when they were arrested for trespass.

Upon cross examination of Capt. G. O. Bramlette of the Greenville City Police Department, it was brought out that the City of Greenville has an ordinance making it unlawful for any person owning, managing, or controlling any hotel, restaurant, cafe, etc., to furnish meals to white persons and colored persons except under certain conditions; and Defendants contend that they were prosecuted under this ordinance; however, the warrant does not so charge and there is nothing in the record to substantiate this contention. The ordinance was made a part of the record upon request of defendants' counsel but defendants were not charged with having violated any of its provisions. The question of the validity of this ordinance was not before the trial Court and therefore not before this Court on appeal.

Defendants further contention that the prosecution failed to establish the *corpus delicti* is disposed of by what has already been said.

We are of the opinion that the judgment and sentences appealed from should be affirmed; and it is so ordered. Affirmed.

OXNER, LEGGE, MOSS and LEWIS, JJ., concur.