Charles E. WILLIAMS, Plaintiff,

v.

HOWARD JOHNSON'S INC. OF WASH-INGTON, Defendant.

Civ. A. No. 2432.

United States District Court
E. D. Virginia,
Alexandria Division.

Nov. 2, 1962.

Charles E. Williams, pro se.

James H. Simmonds, Arlington, Va., for defendant.

LEWIS, District Judge.

The plaintiff, a Negro citizen of the District of Columbia, seeks damages from the defendant on the ground that the manager of its restaurant in Alexandria, Virginia, refused to accommodate him and excluded him from the restaurant solely because he was a Negro under color of the State custom of racial segregation, in violation of Title 42, United States Code, §§ 1981, 1983 and 1985(3), and the Civil Rights Act of 1875.

The defendant admitted it operated a restaurant in Alexandria and that its manager refused to accommodate the plaintiff on the date in question, and denied all other material allegations of the complaint. For additional defenses the defendant alleged:

that its restaurant was located on privately owned property, and was being operated in a private capacity and as such enjoyed the right to accept some customers and reject others;

that its right to refuse service to the plaintiff and others similarly situated has been judicially determined by a final judgment of this Court entered January 7, 1959, and affirmed on appeal by the United States Court of Appeals for the Fourth Circuit (Williams v. Howard Johnson's Restaurant, 268 F.2d 845); and

that the Civil Rights Act of 1875, to the extent relied upon by the plaintiff, has been judicially declared to be unconstitutional and, therefore, has no validity.

This suit was originally filed in the District of Columbia and upon motion for a change of venue was transferred to this Court, where the original complaint was twice amended. Pre-trial depositions were taken, interrogatories were propounded and requests for admissions were filed and answered by the respective parties. A pre-trial conference for the purpose of formulating and simplifying the issues was held at the request of the plaintiff.

The defendant filed a motion to dismiss and the plaintiff moved for summary judgment. Hearing on both motions was deferred until after the hearing upon the merits. Both parties, pursuant to pre-trial order, exchanged their respective lists of witnesses and exhibits twenty days prior to the date of trial.

Upon the hearing on the merits the plaintiff offered no testimony beyond that which was already in the record, and rested. The defendant introduced the lease covering the Alexandria restaurant premises and the record in Civil Action 1691, and rested.

■■ The plaintiff has the burden of proving his allegations by a preponderance of the evidence, and this he has failed to do. He did not, when given the opportunity, call a single witness or offer in evidence the depositions or any of the answers to interrogatories to prove the allegations of his complaint. Instead, he elected to rest his case on the admissions of the defendant, set forth in its answer to the complaint and the plaintiff's request for admissions.

The admissions thus made do not sustain the plaintiff's allegations, namely:

* * * that he was refused service solely because he was a Negro, under color of the State custom of racial segregation;

* * * that the manager of the defendant's restaurant was willing to serve the plaintiff, but was prohibited from doing so because Virginia law, custom and usage required the exclusion of colored persons from the restaurant;

* * * and that the defendant, in accordance with the State custom of racial segregation, did aid and abet State enforcement of said custom in the restaurant.

Even if the Court were to consider the answers to the interrogatories and the depositions (which were not made a part of the record) as evidence in this case, this would not cure the paucity of the plaintiff's proof.

The plaintiff contends that his previous suit filed in this Court against the same defendant, to accomplish the same end result, and his suit filed in the District of Columbia against Hot Shoppes, Inc., are not in point and should not be used as precedents in deciding the question raised in his present suit because both of them were decided on "motions to dismiss" without giving him the opportunity of proving his allegations.

An examination of these decisions disclosed there is no merit in this contention.

In the first Howard Johnson suit [1] the plaintiff conceded that no statute of Virginia required the exclusion of Negroes from public restaurants, and the United States Court of Appeals for the Fourth Circuit unanimously affirmed the dismissal of that complaint, saying that "Unless these actions [of refusing service to Negroes] are performed in obedience to some positive provision of state law they do not furnish a basis for the pending complaint."

In the Hot Shoppe suit [2] (filed in the District of Columbia subsequent to the aforesaid decision by the Fourth Circuit) the plaintiff relied upon Section 18–327 of the Virginia Code (now 18.1–356) as the "positive provision of State law" necessary to maintain that action. The District Court for the District of Columbia dismissed the suit and the Court of Appeals for the District of Columbia vacated the District Court judgment and remanded, pending resolution of the meaning and application of Section 18–327 of the Virginia Code by the courts of that State.

So far as this Court has been advised, the plaintiff has not instituted such a suit in the State court. Furthermore, the plaintiff offers no explanation why he conceded in June of 1959 (during the hearing of his appeal by the Fourth Circuit) that Virginia had no statute requiring the exclusion of Negroes from public restaurants, and now contends that Section 18–327 of the Virginia Code so requires.

■ Section 18.1–356 of the Virginia Code (formerly Section 18–327), which reads as follows,

"Every person, firm, institution or corporation operating, maintaining, keeping, conducting, sponsoring or permitting any public hall, theatre, opera house, motion picture show or any place of public entertainment or public assemblage which is attended by both white and colored persons shall separate the white race and the colored race and shall set apart and designate in each such public hall, theatre, opera house, motion picture show or place of public entertainment or public assemblage certain seats therein to be occupied by white persons and a portion thereof, or certain seats therein, to be occupied by colored persons and any such person, firm, institution or corporation that shall fail, refuse or neglect to comply with the provisions of this section shall be guilty of a misdemeanor and upon conviction thereof shall be fined not less than one hundred dollars nor more than five hundred dollars for each offense,"

requires separation of the races only in such places as are specifically mentioned therein or in any place of public entertainment or public assemblies which are attended by both white and colored persons. This section of the Virginia Code does not require the separation of the races in restaurants (maintained and operated privately, as distinguished from public).

The refusal of service to the Negro plaintiff by the manager of the defendant restaurant was neither required nor aided by State law, custom or usage. This denial of service was a voluntary act on the part of the manager of the restaurant, and he was within his legal right in so doing.

■ A restaurant keeper may accept some customers and reject others on purely personal grounds. See Alpaugh v. Wolverton, 184 Va. 943, 36 S.E.2d 906.

A restaurant keeper may select his clientele or discriminate against prospective customers solely on a racial basis, without liability, and he may revoke the license of any invitee and eject him from the premises at any time for any reason. See Randolph v. Commonwealth, 202 Va. 661, 119 S.E.2d 817.

And as was said by the three-judge court from this district in Henderson v.

1. Williams v. Howard Johnson's Restaurant, 268 F.2d 845.

2. Williams v. Hot Shoppes, Inc., 110 U.S. App.D.C. 358, 293 F.2d 835.

298

Trailway Bus Company, D.C., 194 F. Supp. 423:

"* * * the occupant may lawfully forbid any and all persons, regardless of his reason or their race or religion, to enter or remain upon any part of his premises which are not devoted to a public use."

"The customs of the people of a state do not constitute state action within the prohibition of the Fourteenth Amendment. As stated by the Supreme Court of the United States in Shelley v. Kraemer, 334 U.S. 1, 68 S.Ct. 836, 842, 92 L.Ed. 1161:

" 'Since the decision of this Court in the Civil Rights Cases, 1883, 109 U.S. 3, 3 S.Ct. 18, 27 L.Ed. 835, the principle has become firmly embedded in our constitutional law that the action inhibited by the first section of the Fourteenth Amendment is *only such action as may fairly be said to be that of the States*. That Amendment erects no shield against merely private conduct, however discriminatory or wrongful.' " (Williams v. Howard Johnson's Restaurant, supra.)

The other State statutes cited and relied upon by the plaintiff to make the acts of the restaurant manager "State acts," do not fill the void.

■ There is no merit in the plaintiff's contention that he has any "right to be served" under the Civil Rights Act of 1875. These statutory provisions were held unconstitutional as applied to private intrastate racial discrimination in the Civil Rights Cases, 109 U.S. 3, 3 S.Ct. 18, 27 L.Ed. 835. See Williams v. Howard Johnson's Restaurant, supra; Williams v. Hot Shoppes, Inc., 110 U.S. App.D.C. 358, 293 F.2d 835.

The Court finds that plaintiff has failed to prove that he was denied service in the defendant restaurant on the ground alleged, and the complaint will be dismissed.

Having thus decided the case upon the merits, it is not necessary to rule on the motion to dismiss or the motion for summary judgment.

Counsel for the defendant should prepare an appropriate order in accordance with this memorandum opinion, submit it to the plaintiff for approval as to form, and it will be accordingly entered.