18000

CITY OF ROCK HILL, Respondent, v. Arthur HAMM, Jr., Appellant

(128 S. E. (2d) 907)

Messrs. *Willie T. Smith, Jr.,* and *Donald James Sampson,* of Greenville, and *Jenkins & Perry,* of Columbia, *for Appellant,*

*Messrs. Daniel R. McLeod, Attorney General,* and *Everett N. Brandon, Assistant Attorney General,* of Columbia, and *George F. Coleman, Solicitor, of Winnsboro,* and *Spencer & Spencer,* of Rock Hill, *for Respondent,*

December 6, 1962.

Moss, Justice.

Arthur Hamm, Jr., the appellant herein, was convicted in the Recorder's Court of the City of Rock Hill on June 29, 1960, of the charge of trepsass, in violation of Section 16-388(2) as is contained in the 1960 Cumulative Supplement to the 1952 Code of Laws of South Carolina. The judgment of conviction was affirmed on December 29, 1961, by the Honorable George T. Gregory, Jr., Resident Judge of the Sixth Circuit. This appeal followed.

The evidence shows that on June 7, 1960, the appellant along with Rev. C. A. Ivory, now deceased, entered the premises of McCrory's Five and Ten Cent Store in the City of Rock Hill, South Carolina. Ivory was a cripple and confined to a wheelchair. He was pushed into the store by the appellant. Ivory and the appellant proceeded down the aisles of the store and made one or two purchases. Thereafter, they proceeded to the lunch counter operated by McCrory's. Ivory, still in his wheelchair, came to a stop between the stools at the said counter. The appellant took a seat on a stool at the lunch counter. The appellant and Ivory sought to be served. They were not served and were asked to leave the lunch counter. Upon their refusal to leave at the request of the manager of McCrory's store, they were placed under arrest by police officers of the City of Rock Hill.

The first question for determination is whether the City Recorder committed error in refusing to require the City of Rock Hill to elect whether the prosecution was under Section 16-386 or Section 16-388, Code of Laws of South Carolina, or Section 19-12, Code of Laws of the City of Rock Hill.

It should be borne in mind that the warrant charged the appellant with committing a trespass on June 7, 1960, and that he,

"Did willfully and unlawfully trespass upon privately owned property by remaining along with one Rev. C. A. Ivory at the lunch counter in McCrory's variety store, which is customarily operated upon a segregated basis, and refusing to leave said counter, after the Manager of said store, in the presence of City Police Capt. John M. Hunsucker, Jr., advised him he would not be served and specifically requested him to leave said lunch counter, and after the aforesaid police officer thereupon advised him that he would be arrested for trespass unless he left said premises as directed, which he nevertheless failed and refused to do, * * *."

The appellant asserts that under Section 15-902 of the 1952 Code of Laws of South Carolina that whenever a person is accused of committing an act which is susceptible of being designated as several different offenses that the Municipal Court upon a trial of such person shall be required to elect which charge to prefer and a conviction of an offense upon such an elected charge shall be a complete bar to further prosecution for the alleged offense. An examination of the warrant here shows that the only offense charged against the appellant was that of a trespass and the warrant above quoted, in our opinion, charges a violation of Section 16-388 of the 1960 Cumulative Supplement to the Code, which provides that:

"Any person: * * *

"(2) Who, having entered into the dwelling house, place of business or on the premises of another person * * * and

fails and refuses, without good cause or excuse, to leave immediately upon being ordered or requested to do so by the person in possession, or his agent or representative,

"Shall, on conviction, be fined not more than one hundred dollars, or be imprisoned for not more than thirty days."

The warrant under which the appellant was prosecuted plainly and substantially sets forth the acts of the appellant and thus informed him of the nature of the offense against him, in accordance with Section 43-111 of the 1952 Code. *City of Charleston v. Mitchell et al.*, 239 S. C. 376, 123 S. E. (2d) 512, and *City of Greenville v. Peterson et al.*, 239 S. C. 298, 122 S. E. (2d) 826.

This case was tried by the Recorder of the Municipal Court of Rock Hill, with a jury. The Recorder, in delivering his charge to the jury, gave the following instructions:

"Now, this defendant is charged under a warrant issued by the City of Rock Hill with the offense of trespass. I am not going to read this warrant to you. It has been read to you and it has been discussed, and you know what is in the warrant. If you want to know then what is meant by trespass, what does trespass mean, I am going to read to you a portion of an Act of the General Assembly which became law on the 16th day of May, 1960, reading you only a portion of it, and that portion which applies in this particular case.

" 'Any person who, having entered into a place of business or on the premises of another person, firm, or corporation, and fails and refuses without good cause or good excuse to leave immediately upon being ordered or requested to do so by the person in possession, or his agents or representatives, shall on conviction be fined not more than $100.00 or be imprisoned for not more than thirty days.' "

It is readily apparent that the Recorder submitted to the jury only the question of whether the appellant was guilty of the offense of trespass as is defined by an Act of the Gen-

eral Assembly, approved May 16, 1960, 51 Stats. 1729, now incorporated in the 1960 Supplement to the Code as Section 16-388(2).

Should the City Recorder have required an election by naming the statute under which the prosecution was brought? We think not. The warrant here charged a single offense of trespass upon facts which are not in dispute. In 27 Am. Jur., Indictments and Informations, § 133, at page 691, we find the following:

"* * * There need, of course, be no election where the indictment or information charges only one offense and the several different counts are merely variations or modifications of the same charge. This rule has been applied to an indictment where an unlawful act relied on by the state as the basis for the charge was made unlawful by more than one statute, it being held that in such case it is error to compel the state to elect upon which statute it relies for a conviction * * *." *State v. Schaeffer,* 96 Ohio St. 215, 117 N. E. 220, L. R. A. 1918B, 945.

In 42 C. J. S., Indictments and Informations, § 185, at page 1149, we find the following:

"* * * No election is necessary where the indictment, properly construed, charges but one offense although several acts comprising the offense are included, or several methods by which the offense may have been committed are stated. The prosecuting attorney is not required to state at the trial the particular section of the code under which accused is being tried where the offenses or acts with which accused is charged are fully set out, nor is he required to elect where the offenses defined by the various statutes are included within the crime charged, * * *."

And again:

"* * * Although no express statement of election is made by the prosecution, accused is not prejudiced where the trial in fact proceeds on only one charge, or appropriate instructions are given to the jury. * * *"

There is nothing substantial in the objection that the ▮ City Recorder refused to require the City of Rock Hill to elect the particular statute upon which the prosecution was based. The warrant charged a single offense of trespass and the Recorder submitted to the jury only the question of whether the appellant was guilty of trespass as such was defined in the statute, heretofore cited. There was no prejudice to the appellant.

The record shows that the appellant and the Rev. ▮ C. A. Ivory are Negroes. It was the policy of Mc-Crory's store not to serve Negroes at its lunch counter. The appellant asserts by exceptions 3, 4 and 5 that his arrest by the police officers of the City of Rock Hill and his conviction of trespass that followed was in furtherance of an unlawful policy of racial discrimination and constituted State action in violation of his rights to due process and equal protection of the laws under the Fourteenth Amendment to the United States Constitution. Identical contention was made, considered and rejected in the cases of City of *Greenville v. Peterson et al.,* 239 S. C. 298, 122 S. E. (2d) 826; *City of Charleston v. Mitchell et al.,* 239 S. C. 376, 123 S. E. (2d) 512; *City of Columbia v. Barr et al.,* 239 S. C. 395, 123 S. E. (2d) 521, and *City of Columbia v. Bouie et al.,* 239 S. C. 570, 124 S. E. (2d) 332, in each of which was involved a sit-down demonstration similar to that disclosed by the uncontradicted evidence here, at a lunch counter in a place of business privately owned and operated, as was McCrory's in the case at bar.

All exceptions of the appellant are overruled and the judgment appealed from is affirmed.

Affirmed.

TAYLOR, C. J., and LEWIS and BRAILSFORD, JJ., concur

BUSSEY, J., did not participate.