Charles E. WILLIAMS, Petitioner,

v.

Honorable Oren R. LEWIS, United States District Judge.

Charles E. WILLIAMS, Appellant,

v.

HOWARD JOHNSON'S INC. OF WASHINGTON, Appellee.

Nos. 9607, 9644.

United States Court of Appeals Fourth Circuit.

Argued Jan. 12, 1965.

Decided Feb. 4, 1965.

**728**

Charles E. Williams, pro se, petitioner in No. 9607 and appellant in No. 9644.

Richard A. Mehler, Washington, D. C. (James H. Simmonds, Arlington, Va., on brief), for appellee in No. 9644.

Before HAYNSWORTH, Chief Judge, and SOBELOFF, BOREMAN, BRYAN and J. SPENCER BELL, Circuit Judges, sitting en banc.

PER CURIAM:

These not unrelated appeals were heard at the same time and will be here considered and dealt with together.

### No. 9644.

Charles E. Williams (plaintiff) brought this action to recover damages because he, a Negro, was allegedly discriminatorily refused service in defendant's restaurant in Alexandria, Virginia. The original complaint in the instant case was filed November 4, 1960, in the United States Court for the District of Columbia and, on defendant's motion, was stricken in its entirety. Pursuant to leave granted, the plaintiff then filed his first amended complaint. By order, the case was transferred to the United States District Court for the Eastern District of Virginia.

After extensive pretrial discovery by both parties, plaintiff filed a second amended complaint which was dismissed and, upon appeal, the dismissal was affirmed.[1] Plaintiff then filed a third amended complaint, the case came on for hearing on June 19, 1962, and the complaint was dismissed.[2] On appeal it appeared to this court that there had been a good faith misunderstanding of the parties as to the scope of the hearing before the District Court, and the judgment below was neither affirmed nor reversed but vacated and remanded for the purpose of affording a full hearing on the merits after proper notice.[3]

In remanding, this court, in an opinion by Chief Judge Sobeloff, said:

"Irrespective, however, of the procedural dispute, the central question which the District Court decided, and which is the heart of this appeal, remains the same—whether the plaintiff has established that the refusal to serve him constituted 'state action', and not merely private conduct." (323 F.2d at 105.)

The opinion alludes to the evidence offered by the plaintiff and states the conclusion that such evidence is not clear enough, without a further showing, to compel the inference ["state action"]

---

1. The subject matter involved herein was first heard and decided unfavorably to the plaintiff on January 7, 1959, by the District Court for the Eastern District of Virginia before which an action was then pending. On appeal to this court that decision was affirmed, Williams v. Howard Johnson's Restaurant, 268 F.2d 845 (4 Cir. 1959). The present action between the same parties, involving the same subject matter with slight variations, was instituted on November 4, 1960, in the District of Columbia.

2. Williams v. Howard Johnson's, Inc., of Washington, 210 F.Supp. 295 E.D.Va. 1962.

3. Williams v. Howard Johnson's, Inc., of Washington, 323 F.2d 102 (4 Cir. 1963).

urged by the plaintiff. Clearly, in unambiguous language, the opinion directs:

" * * * If the plaintiff has any additional evidence to offer bearing on the prosecutor's statements or activities, or if he has additional proof of a state action pertinent to the subject matter, he should be allowed to present it and the defendant should have an opportunity to meet it." (323 F.2d at 107.)

Compliantly the District Court held a hearing on April 1, 1964, and, in a memorandum opinion filed on August 6, 1964, stated:

" * * * All depositions, exhibits, interrogatories and admissions taken during the previous hearings, together with such additional depositions, interrogatories and admissions tendered by either party, were made a part of the record in this case. In addition the plaintiff called three witnesses—the Commonwealth's Attorney of Alexandria, Virginia, the Vice President of the defendant corporation, and the Executive Secretary of the Virginia Restaurant Association—and testified extensively himself.

"Upon careful review of the record thus made, the Court again finds the 'denial of service was a voluntary act upon the part of the manager of the restaurant'—there was no state involvement in the conduct complained of, and the suit will be dismissed at the cost of the plaintiff."

Judgment of dismissal was entered and this appeal followed.

■ It would serve no useful purpose to restate the theories advanced by the plaintiff in the course of this litigation, the law, statutes and arguments upon which he has relied to support his asserted cause of action. The position of this court and its determination of the legal principles here applicable clearly appear in prior decisions cited in foot-

notes 1 and 3 to which reference is again made. We have examined the record before the court below and we are in full accord with the finding and conclusion that there was no state involvement in the defendant's conduct of which the plaintiff complains. The action was properly dismissed and the judgment below will be affirmed.

Affirmed.

No. 9607.

Plaintiff, Williams, has filed a Petition for Writ of Mandamus or Writ in the Nature of Mandamus and Other Relief. The matters now presented thereby grow out of certain procedures in No. 9644.

■ The last hearing before the District Court in No. 9644 was held on April 1, 1964, but without waiting for a decision the plaintiff, under date of June 11, 1964, moved the court for leave to file another amended complaint upon what the District Court concluded were substantially the same grounds as the grounds asserted in previous complaints. The defendant appeared by counsel and interposed strenuous objections to further amendment, contending that all litigation, including the action for damages, must, at some point, be terminated.

The lower court filed a supplemental opinion in No. 9644, denying leave for further amendment, and said:

" * * * This suit has three times been tried in this Court. It has twice been reviewed by the United States Court of Appeals for the Fourth Circuit and will probably be reviewed by that Court the third time. The same subject matter has been raised in a companion case in the District of Columbia and there remanded by the United States Court of Appeals for the District of Columbia for interpretation of the meaning and application of the Virginia Code by the Virginia courts."

The District Court determined that, under the recited circumstances, the plain-

tiff's conduct in attempting further amendment was an abuse of the court's processes and called for the visitation of sanctions upon the plaintiff who is, himself, an attorney. The court referred to our decision in Gullo v. Hirst, 332 F.2d 178 (4 Cir. 1964), and certain statements therein, ordered the plaintiff to pay to the clerk, within seven days, the sum of $100.00 and directed that counsel fees of $100.00 be taxed against plaintiff for defendant's counsel as a part of the costs assessed against plaintiff.

Here, plaintiff contends that the evidence before the court would support an alternative theory of recovery based upon the common law and irrespective of the statutes upon which he had theretofore relied as the basis of his claim for damages and civil penalty; that, in asking leave to amend, after hearing, he was attempting to proceed according to Rule 15(b), F.R.Civ.P., to amend the pleadings to conform to the evidence.

In this context we think the motion to amend was properly denied.[4] However, although plaintiff's conduct of this litigation was such as to sorely try the patience of any court, plaintiff advances a reason for proceeding as he did. Actually, he took no arbitrary action over which the court had no control but merely sought the court's leave to amend. We think any doubt as to the plaintiff's sincerity and good faith in this respect should be resolved in his favor.

Therefore, after some deliberation and careful consideration, we conclude that the portion of the District Court's order of August 6, 1964, imposing sanctions and directing the taxing of an attorney fee as a part of the costs to be paid by plaintiff should be vacated and set aside. It will be so ordered.

4. Under Virginia law, a restaurant owner is not an innkeeper charged with a *common law* duty to serve everyone who applies. He may accept some customers and reject others on purely personal grounds. Alpaugh v. Wolverton, 184 Va. 943, 36 S.E.2d 906, cited and discussed by this court in Williams v.

Howard Johnson's Restaurant, 268 F.2d 845 (4 Cir. 1962), and Williams v. Howard Johnson's, Inc., of Washington, 323 F.2d 102 (4 Cir. 1963). Plaintiff's asserted cause of action arose years before the 1964 enactment by Congress of laws materially affecting civil rights.