7245

## STATE v. COKLEY.

1. APPEAL.—Error of trial Judge in stating issues not then called to his attention cannot be used as ground of appeal.
2. BURGLARY.—Charge construed as a whole held to have instructed jury there must be an entry with intent to commit a felony.
3. EXCEPTION charging error in admitting evidence of another crime, the record showing no objection at time, is not well taken.
4. EXCEPTION that finding was contrary to the law and the evidence is too general.

Before DEVORE, J., Charleston, February, 1909. Affirmed.

Indictment against Thomas Cokley. From Circuit judgment, defendant appeals.

*Mr. Alonzo E. Twine* for appellant.

*Solicitor J. W. Peurifoy,* contra.

July 19, 1909.   The opinion of the Court was delivered by

MR. JUSTICE GARY. The defendant was tried and convicted, under an indictment, charging him with feloniously

and burglariously breaking and entering a dwelling house, "with intent the goods and chattels of Mrs. Frances Artley, in the said dwelling house, there and then being, there and then feloniously and burglariously to steal, take and carry away."

The appellant appealed upon several exceptions, the first of which is as follows: "Because his Honor, J. W. DeVore, the presiding Judge, erred in charging the jury that the charge against the defendant was burglary and larceny, when, as matter of fact, the sole and only charge was burglary."

This exception cannot be sustained, for the reason that the record does not disclose the fact that the attention of his Honor, the presiding Judge, was directed to the mistake made by him in stating the issues raised by the pleadings.

The second exception is as follows: "Because his Honor erred in charging the jury that the sole question for them to decide from the testimony was, 'Does the testimony convince them that the defendant broke and entered the premises charged in the indictment? The State says he did; he, by his plea, says he did not; now that is the question for you, did he do it?' While as a matter of fact he should have charged that the question before the jury was, not only did the defendant break and enter, but, also, did he steal, or intend to steal? The intent being one of the elements of the crime of burglary."

The charge must be considered in its entirety. By reference to other portions of the charge it will be seen that the defendant received the benefit of the principle, for which he contends; for the presiding Judge several times charged that there must be an intent to commit a felony.

The third exception is as follows: "Because his Honor erred in not charging the jury that the intent must be proven like all the elements of the offense charged."

The presiding Judge charged: "It is not necessary that the felony should be actually committed; all that the law

requires is that the breaking and entering, if there is such, was done with the intention on the part of the party to commit a felony; and in this State any lesser crime; our Supreme Court has said that if a person breaks and enters, with the intention to steal any amount, to steal ten cents' worth, that would be burglary, if it was done in the night time." The Circuit Judge also charged that the defendant was entitled to the benefit of any reasonable doubt growing out of the testimony.

Furthermore, it was the duty of the appellant to present a request embodying that proposition, if he desired that the charge should be more specific.

The fourth exception is as follows: "Because his Honor erred in admitting testimony in evidence of another crime and conviction by the State, when the defendant had not placed his character in issue."

A sufficient reason for overruling this exception is because there was no objection when said testimony was introduced.

The fifth exception is as follows: "Because the State failed to make out a case of burglary, and the testimony was wholly at variance with the offense charged."

It is only necessary to refer to the testimony to show that this exception cannot be sustained.

The sixth exception is as follows: "Because the finding was otherwise contrary to the law and the evidence."

This exception is too general for consideration.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.

MR. JUSTICE HYDRICK *did not sit in this case.*