17857

CITY OF COLUMBIA, Respondent, v. Charles F. BARR, Richard M. Counts, David Carter, Milton D. Greene and Johnny Clark, Appellants

(123 S. E. (2d) 521)

396

*Messrs Jenkins & Perry,* of Columbia, *for Appellants,*

*Messrs. John W. Sholenberger* and *Edward A. Harter, Jr.,* of Columbia, *for Respondent,*

December 14, 1961.

OxNER, Justice.

The five appellants, all Negroes, were convicted in the Municipal Court of the City of Columbia of trespass in violation of Section 16-386 of the 1952 Code, as amended, and of breach of the peace in violation of Section 15-909. Each defendant was sentenced to pay a fine of $100.00 or serve a period of thirty days in jail on each charge but $24.50 of the fine was suspended. From an order of the Richland County Court affirming their conviction, they have appealed.

The exceptions can better be understood after a review of the testimony. The charges grew out of a "sit-down" demonstration staged by appellants at the lunch counter of the Taylor Street Pharmacy in the City of Columbia, a privately owned business. In addition to selling articles usually sold in drugstores, this establishment maintains a lunch counter in the rear, separated from the front of the store by a partition. The customers sit on stools. The policy of this store is not to serve Negroes at the lunch counter although they are permitted to purchase food and eat it elsewhere. In a sign posted the privilege of refusing service to any customer was reserved.

Shortly after noon on March 15, 1960, appellants, then college students, according to a prearranged plan, entered this drugstore, proceeded to the rear and sat down at the lunch counter. The management had heard of the proposed demonstration and had notified the officers. To prevent violence, three were present when appellants entered. As soon as they took their seats several of the customers at the counter, including a White woman next to whom one of appellants sat, stood up. The manager of the store then came back to the lunch counter. He testified that the situation was quite tense, that you "could have heard a pin drop in there", and that "everyone was on pins and needles, more or less, for fear that it could possibly lead to violence." He immediately told appellants that they would not be served and requested them to leave. They said nothing and continued to sit. At the suggestion of one of the officers, the manager then spoke to each of them and again requested that they leave. One of them stood up and inquired if he could ask a question. As this was done, the other four appellants arose. The manager replied that he did not care to enter into a discussion and a third time told appellants to leave. Instead of doing so, they resumed their seats. After waiting several minutes, the officers arrested all of them and took them to jail.

The foregoing summary is taken from the testimony offered by the State. Only two of the appellants testified. They denied that the manager of the store requested them to leave. They testified that an employee at the lunch counter stated to them, "You might as well leave because I ain't going to serve you", which they did not construe as a specific request. They said after it became apparent that they were not going to be served, they voluntarily left the lunch counter and as they proceeded to do so, were arrested, They denied that any of the White customers got up when they sat down, stating that these customers did so only after the employee at the lunch counter said: "Get up, we will get them out of here."

The questions involved are stated in appellants' brief as follows:

"I. Did the Court err in refusing to hold that under the circumstances of this case, the arrests and convictions of appellants were in furtherance of a custom of racial segregation, in violation of the Fourteenth Amendment to the United States Constitution? (Exceptions 3, 4).

"A. Was the enforcement of segregation in this case by State Action within the meaning of the Fourteenth Amendment?

"B. Were appellants unwarrantedly penalized for exercising their freedom of expression in violation of the Fourteenth Amendment?

"II. Did the State fail to establish the *corpus delicti* or prove a *prima facie* case? (Exceptions 1, 2)."

The questions designated 1, A and B, must be decided adversely to appellants under *City of Greenville v. Peterson,* filed November 10, 1961, S. C., 122 S. E. (2d) 826, and *City of Charleston v. Mitchell,* filed December 13, 1961, S. C., 123 S. E. (2d) 512. Each of these cases involved a sit-down demonstration at a lunch counter in a privately owned place of business and the precise questions raised by Exceptions 3 and 4 in the instant case were raised in those cases and overruled. In the *City of Charleston case* we affirmed a conviction for violation of Section 16-386, as amended, which is the same section under which the appellants were convicted.

We think that Question II is based on exceptions too general to be considered. They are as follows:

"1. The Court erred in refusing to hold that the City failed to prove a *prima facie* case.

"2. The Court erred in refusing to hold that the City failed to establish the corpus delicti."

The foregoing exceptions do not comply with Rule 4, Section 6 of this Court. They do not point out in what respect the City failed to make out a *prima facie* case or to

establish the *corpus delicti*. We do not know to which of the two offenses involved these exceptions are directed. We are not aided by appellants' brief. Only scant reference is there made to these two exceptions and apparently the position is taken that their determination is dependent upon the disposition of the other questions which we have held to be without merit.

It has been held that an exception to the effect that the judgment is contrary to the law and the evidence is too general to be considered. *State v. Turner,* 18 S. C. 103; *State v. Cokely,* 83 S. C. 197, 65 S. E. 174; *State v. Davis,* 121 S. C. 350, 113 S. E. 491. The same conclusion has been reached with reference to an exception "that plaintiff failed to make out a case against defendant" *Concrete Mix, Inc. v. James,* 231 S. C. 416, 98 S. E. (2d) 841, 68 A. L. R. (2d) 542. Other pertinent cases are reviewed in *Hewitt v. Reserve Life Insurance Co.,* 235 S. C. 201, 110 S. E. (2d) 852. It was pointed out in *Brady v. Brady,* 222 S. C. 242, 72 S. E. (2d) 193, 194, that "every ground of appeal ought to be so distinctly stated that the court may at once see the point which it is called upon to decide without having to 'grope in the dark' to ascertain the precise point at issue."

In oral argument counsel for appellants raised the question of merger of the two offenses and argued that there could not be a conviction on both charges. But this question is not raised by any of the exceptions, is not referred to in the brief of appellants and, therefore, is not properly before us.

Affirmed.

TAYLOR, C. J., and LEGGE, Moss and LEWIS, JJ., concur.