## 17875

The CITY OF COLUMBIA, Respondent, v. Simon BOUIE and
Talmadge J. Neal, Appellants

(124 S. E. (2d) 332)

*Messrs. Jenkins & Perry,* of Columbia, *for Appellants,*

*Messrs. John W. Sholenberger* and *Edward A. Harter, Jr.,* of Columbia, *for Respondent,*

February 13, 1962.

LEGGE, Justice.

The appellants Simon Bouie and Talmadge J. Neal, Negro college students, were arrested on March 14, 1960, and charged with trespass (Code 1952, Section 16-386 as amended) and breach of the peace (Code 1952, Section 15-909). Bouie was also charged with resisting arrest. On March 25, 1960, they were tried before the Recorder of the City of Columbia, without a jury. Both were found guilty of trespass; Bouie guilty also of resisting arrest. Bouie was sentenced to pay a fine of one hundred ($100.00) dollars or to imprisonment for thirty (30) days on each charge, twenty-four and 50/100 ($24.50) of each fine being suspended and the prison sentences to run consecutively. Neal was sentenced to pay a fine of one hundred ($100.00) dollars, of which twenty-four and 50/100 ($24.50) was suspended, or to imprisonment for thirty (30) days. On appeal to the Richland County Court the judgment of the Recorder's Court was affirmed by order dated April 28, 1961, from which this appeal comes.

Eckerd's, one of Columbia's larger drugstores, in addition to selling to the general public drugs, cosmetics and other articles usually sold in drugstores, maintains a luncheonette department. Its policy is not to serve Negroes in that department.

On March 14, 1960, about noon, the appellants entered this drugstore and sat down in a booth in the luncheonette department for the purpose, according to their testimony, of ordering food and being served. Neal testified that it was his intention to be arrested; Bouie testified that he knew of the store's policy not to serve Negroes in that department, and that it was his purpose also to be arrested "if it took that". No employee of the store approached them, and they continued to sit in the booth for some fifteen minutes, each with an open book before him, when the manager of the store came up, in company with a police officer, told them

that they would not be served, and twice requested them to leave. Upon their ignoring such request, the police officer asked them to leave, which request brought no result other than the query "for what" from Bouie. The police officer then told them to leave and that they were under arrest. Thereupon Neal closed his book and got up; Bouie did not, and the officer thereupon caught him by the arm and lifted him out of the seat. Bouie's book being still on the table, he was permitted to get it; and the officer then seized him by the belt and proceeded to march him out of the store. Bouie testified that he made no resistance, but only said to the officer when the latter had hold of his belt, "That's all right, Sheriff, I'll come on". The officer testified that Bouie said: "Don't hold me, I'm not going anywhere", and that after they had proceeded a few steps he "started pushing back and said 'Take your hands off me, you don't have to hold me.' "

The appeal here is based upon four Exceptions of which Nos. 3 and 4 present, in substance, the contention that appellants' arrest by the police officer at the instance of the store manager, and the convictions of trespass that followed, were in furtherance of an unlawful policy of racial discrimination and constituted state action in violation of appellants' rights under the Fourteenth Amendment. Identical contention was made, considered, and rejected in *City of Greenville v. Peterson,* S. C., 122 S. E. (2d) 826; *City of Charleston v. Mitchell,* S. C., 123 S. E. (2d) 512 and *City of Columbia v. Barr,* S. C., 123 S. E. (2d) 521, in each of which was involved a sit-down demonstration, similar to that disclosed by the uncontradicted evidence here, at a lunch counter in a place of business privately owned and operated, as was Eckerd's in the case at bar. Exceptions 3 and 4 are overruled.

Exceptions 1 and 2 purport to question the sufficiency of the evidence to make out a case of trespass as to either appellant, or a case of resisting arrest as to the appellant Bouie. So far as they relate to the charge of tres-

pass, these exceptions are without merit. The uncontradicted testimony, to which we have referred, amply supported that charge.

On the other hand, the evidence was in our opinion insufficient to warrant Bouie's conviction on the charge of resisting arrest. It is apparent from the testimony of the arresting officer that the only "resistance" on Bouie's part was his failure to obey immediately the officer's order, with the result that the latter "had to pick him up out of the seat". Resisting arrest is one form of the common law offense of obstructing justice; and the use of force is not an essential ingredient of it, *State v. Hollman*, 232 S. C. 489, 102 S. E. (2d) 873. But we do not think that such momentary delay in responding to the officer's command as is shown by the testimony here amounted to "resistance" within the intent of the law, *City of Charleston v. Mitchell, supra.*

The judgment is affirmed as to the conviction and sentence of each of the appellants on the charge of trespass; it is reversed as to the conviction and sentence of the appellant Bouie on the charge of resisting arrest.

Affirmed in part and reversed in part.

TAYLOR, C. J., and Moss and LEWIS, JJ., concur.