## BARR ET AL. *v.* CITY OF COLUMBIA.

No. 9.   Argued October 14–15, 1963.—Decided June 22, 1964.

*Matthew J. Perry, Constance Baker Motley* and *Jack Greenberg* argued the cause for petitioners.   With them on the brief were *James M. Nabrit III, Charles L. Black, Jr., Juanita Jackson Mitchell, Tucker R. Dearing, Lincoln C. Jenkins, Derrick A. Bell, Jr., William T. Coleman, Jr., Louis H. Pollak, Richard R. Powell, Joseph L. Rauh, Jr.* and *John Silard.*

*David W. Robinson II* and *John W. Sholenberger* argued the cause for respondent.   With them on the

briefs was *David W. Robinson. Daniel R. McLeod,* Attorney General of South Carolina, entered his appearance for respondent.

*Ralph S. Spritzer,* by special leave of Court, argued the cause for the United States, as *amicus curiae,* urging reversal. With him on the briefs were *Solicitor General Cox, Assistant Attorney General Marshall, Louis F. Claiborne, Harold H. Greene, Howard A. Glickstein* and *David Rubin.*

Mr. Justice Black delivered the opinion of the Court.

Like *Bouie* v. *City of Columbia, post,* p. 347, this case involves a "sit-in" demonstration in Columbia, South Carolina, this one at the Taylor Street Pharmacy. Negroes and whites alike are invited to come and buy goods in all the store's departments, but the lunch counter, while it sells food to Negroes to take out, has a policy of refusing to let them sit there and eat. Petitioners, five Negro college students, entered the store and after some of them had made purchases in the front part proceeded to the lunch counter at the rear, where they sat down and waited for service. The store manager had arranged the day before for the police to come and arrest any "sit-in" demonstrators who might refuse to leave after being requested to do so. As a result, three officers were waiting at the store when petitioners arrived. The manager announced to petitioners that he would not serve them and that they would have to leave; then, at the request of one of the officers, he went with the officer to each petitioner and asked each petitioner individually to leave. When petitioners remained seated at the counter, they were arrested and charged with criminal trespass[1] and

---

[1] Section 16-386, Code of Laws of South Carolina, 1952 (1960 Supp.).

breach of the peace.[2] The Recorder's Court convicted them on both charges, the County Court affirmed in an unreported opinion, and the Supreme Court of South Carolina also affirmed. 239 S. C. 395, 123 S. E. 2d 521. Like the petitioners in *Bouie, post,* these petitioners claim that their convictions violate the Due Process and Equal Protection Clauses of the Fourteenth Amendment, and as in *Bouie* we granted certiorari. 374 U. S. 804.

We consider first the question whether petitioners' convictions for breach of the peace are constitutionally valid. Apart from the fact that petitioners remained in the store after having been asked to leave, there is a complete and utter lack of any evidence, and no suggestion in the opinions of any of the courts below, that any of the petitioners did anything disorderly or did anything other than politely ask for service. Petitioners argue that either the breach-of-peace statute as applied to their conduct was unconstitutionally vague for failure to give fair warning, cf. *Lanzetta* v. *New Jersey,* 306 U. S. 451, or there was no evidence to support convictions for violation of that statute, cf. *Thompson* v. *City of Louisville,* 362 U. S. 199.

---

[2] Section 15–909, Code of Laws of South Carolina, 1952, provides:

*"Disorderly conduct, etc.*—The mayor or intendant and any alderman, councilman or warden of any city or town in this State may in person arrest or may authorize and require any marshal or constable especially appointed for that purpose to arrest any person who, within the corporate limits of such city or town, may be engaged in a breach of the peace, any riotous or disorderly conduct, open obscenity, public drunkenness or any other conduct grossly indecent or dangerous to the citizens of such city or town or any of them. Upon conviction before the mayor or intendant or city or town council such person may be committed to the guardhouse which the mayor or intendant or city or town council is authorized to establish or to the county jail or to the county chaingang for a term not exceeding thirty days and if such conviction be for disorderly conduct such person may also be fined not exceeding one hundred dollars; *provided,* that this section shall not be construed to prevent trial by jury."

The city replies that, because the Supreme Court of South Carolina refused to pass on objections to the breach-of-peace conviction on the ground that the exceptions taken below were "too general to be considered," [3] we are precluded from considering petitioners' constitutional objections. The exceptions on this point read:

"1. The Court erred in refusing to hold that the City failed to prove a *prima facie* case.

"2. The Court erred in refusing to hold that the City failed to establish the corpus delicti."

We cannot accept the city's argument, since in *City of Columbia* v. *Bouie,* 239 S. C. 570, 124 S. E. 2d 332, rev'd on another point, *post,* p. 347, decided only a few weeks after the present case, the State Supreme Court had before it the identical two exceptions, and relying on them reversed for insufficiency of evidence the conviction of a peaceful and quiet sit-in demonstrator who had been convicted on a charge of resisting arrest. In three other cases decided in the two-month period preceding the present decision it likewise considered these same exceptions enough to raise the question of sufficiency of evidence, and in one of those three cases, decided the day before the present one, it reversed on that ground a conviction for interfering with an officer.[4] We have often pointed out that state procedural requirements which are not strictly or regularly followed cannot deprive us of the right to review. See, *e. g., NAACP* v. *Alabama ex rel. Flowers,* 377 U. S. 288; *Shuttlesworth* v. *City of Birmingham,* 376 U. S. 339; *Wright* v. *Georgia,* 373 U. S. 284;

---

[3] 239 S. C., at 399, 123 S. E. 2d, at 523.

[4] *City of Charleston* v. *Mitchell,* 239 S. C. 376, 123 S. E. 2d 512, rev'd on another point, *post,* p. 551. See also *State* v. *Edwards,* 239 S. C. 339, 123 S. E. 2d 247, rev'd on another point *sub nom. Edwards* v. *South Carolina,* 372 U. S. 229; *City of Greenville* v. *Peterson,* 239 S. C. 298, 122 S. E. 2d 826, rev'd on another point, 373 U. S. 244 (allegation of failure to establish *corpus delicti* only).

*NAACP* v. *Alabama ex rel. Patterson,* 357 U. S. 449. We conclude that there is no adequate state ground barring our review of the breach-of-peace convictions.

Turning to the merits, the only evidence to which the city refers to justify the breach-of-peace convictions here, and the only possibly relevant evidence which we have been able to find in the record, is a suggestion that petitioners' mere presence seated at the counter might possibly have tended to move onlookers to commit acts of violence. As we pointed out above, it is undisputed in the record that petitioners were polite, quiet, and peaceful from the time they entered the store to the time they left. And as the city concedes, "it cannot be said that the South Carolina Supreme Court has, upon proper presentation and proper briefing, held that the acts of the Petitioners are clearly within the prohibitions of the statutes involved." Accordingly, we are unwilling to assume and find it hard to believe that the State Supreme Court if it had passed on the point [5] would have held that petitioners could be punished for trespass and for breach of the peace as well, based on the single fact that they had remained after they had been ordered to leave. And further, because of the frequent occasions on which we have reversed under the Fourteenth Amendment convictions of peaceful individuals who were convicted of breach of the peace because of the acts of hostile onlookers, we are reluctant to assume that the breach-of-peace statute covers petitioners' conduct here. Cf., *e. g., Henry* v. *City of Rock Hill,* 376 U. S. 776; *Wright* v. *Georgia, supra; Edwards* v. *South Carolina,* 372 U. S. 229; *Taylor* v. *Louisiana,* 370 U. S. 154; *Garner* v. *Louisiana,* 368 U. S.

---

[5] The city cites no decision of the Supreme Court of South Carolina which supports its position on this issue. *State* v. *Edwards,* 239 S. C. 339, 123 S. E. 2d 247, rev'd *sub nom. Edwards* v. *South Carolina,* 372 U. S. 229, from which the city quotes, did not involve this statute and is not otherwise persuasive.

157; *Terminiello* v. *Chicago,* 337 U. S. 1. Since there was no evidence to support the breach-of-peace convictions, they should not stand. *Thompson* v. *City of Louisville,* 362 U. S. 199.[6]

The judgments of conviction for breach of the peace are reversed and the case is remanded for proceedings not inconsistent with this opinion.

*It is so ordered.*

PER CURIAM.

With respect to the criminal trespass convictions, those judgments are also reversed and the case remanded for the reasons stated in *Bouie* v. *City of Columbia, post,* p. 347.

MR. JUSTICE DOUGLAS would reverse for the reasons stated in his opinion in *Bell* v. *Maryland, post,* p. 242.

MR. JUSTICE GOLDBERG, with whom THE CHIEF JUSTICE joins, would, while joining in the opinion and judgments of the Court, also reverse for the reasons stated in the concurring opinion of MR. JUSTICE GOLDBERG in *Bell* v. *Maryland, post,* p. 286.

MR. JUSTICE BLACK, with whom MR. JUSTICE HARLAN and MR. JUSTICE WHITE join, dissenting from the reversal of the trespass convictions.

We have stated in our opinions in *Bouie* v. *City of Columbia, post,* p. 363, and *Bell* v. *Maryland, post,* p. 318, our belief that the mere fact that police responded to the call of a storekeeper and arrested people who were remaining in the store over his protest was not enough to constitute "state action" within the meaning of the Fourteenth

---

[6] We do not reach petitioners' contention that their breach-of-peace convictions were void for vagueness under the doctrine of *Lanzetta* v. *New Jersey,* 306 U. S. 451.

Amendment. A review of the evidence in the case before us convinces us that the officers here did nothing which would justify a holding that they were acting for the State in any capacity except to arrest people who violated the trespass statute by remaining on the property of another after having been asked to leave. Petitioners' other objections relating to vagueness of the trespass statute and alleged absence of evidence to support the trespass convictions are identical to those which we considered and rejected in our opinion in *Bouie*. We believe therefore that the trespass convictions should stand.