## 18571

The STATE, Respondent, v. Curtis MURRAY, Appellant

(150 S. E. (2d) 920)

*Thomas K. Johnstone, Jr., Esq.,* of Greenville, *for Appellant,*

*B. O. Thomason, Jr., Esq., Solicitor,* of Greenville, *for Respondent,*

474

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

November 3, 1966.

Lewis, Justice.

The defendant, represented in the lower court and here by capable, court appointed counsel, has appealed from his conviction of the offense of assault and battery of a high and aggravated nature, alleging that his conviction should be set aside and a new trial granted because of the introduction at the trial of testimony concerning (1) a prior confinement in jail, when his character had not been placed in evidence; and (2) an alleged statement made by him to the officers shortly after his arrest, without a preliminary showing that it was voluntarily made. He contends that the admission of such testimony was prejudicial and deprived him of a fair trial.

The defendant was tried under an indictment charging him with having shot one Mary Singleton with a pistol. Testimony was introduced by the State, without objection, that the defendant made a statement to the officers shortly after his arrest to the effect that he shot the prosecutrix in self-defense. The defendant subsequently testified in his own behalf. He admitted that he made the statement to the officers and that he was not forced or coerced to do so. His testimony on the witness stand as to how the shooting took place was substantially the same version as previously given to the officers in his statement to them.

Also, the fact that defendant had been previously in jail was mentioned in the testimony on three or four occasions during the trial. These references were for the most part not responsive to the questions asked and in each instance were made without objection being interposed.

It is conceded that all of the alleged prejudicial testimony was introduced in evidence without objection, or any question being raised in connection therewith in the lower court. Under the present facts, since the evidence in question was introduced without objection, any objection that defendant might have had was thereby waived. *State v. Cokley*, 83 S. C. 197, 65 S. E. 174; *McCreight v. MacDougall*, S. C., 149 S. E. (2d) 621.

Affirmed.

Moss, C. J., Bussey and Brailsford, JJ., and Lionel K. Legge, Acting J., concur.