**Charles William BASS,**
**Petitioner-Appellant,**

v.

**W.J. ESTELLE, Jr., Director, Texas Department of Corrections, Respondent-Appellee.**

No. 82–2341.

United States Court of Appeals, Fifth Circuit.

May 19, 1983.

---

Will Gray, Simonton, Tex., Stanley Schneider, Stefan Pressor, Houston, Tex., for petitioner-appellant.

Leslie A. Benitez, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before GOLDBERG, GEE and HIGGINBOTHAM, Circuit Judges.

GEE, Circuit Judge:

In his motion for rehearing, Bass contends that three Texas decisions handed down since submission of this appeal abolish the state's contemporaneous objection rule as to jurors wrongfully excluded under the provisions of state law, Vernon's Texas Penal Code Section 12.31(b), prior to the Supreme Court's decision in *Adams v. Texas,* 448 U.S. 38, 100 S.Ct. 2521, 65 L.Ed.2d 581 (1980), and that, in any event, since that rule is not strictly and regularly applied we should disregard it. The decisions relied on by Bass do not go so far as he would like. Examination of them makes plain that their rule is a narrower one: that such a mere general objection or exception to the dismissal of a juror as would normally be deemed under Texas law to present nothing for review will be deemed sufficient in instances occurring before the handing down of *Adams,* not that no objection whatever is required. In each of the three decisions an objection of some sort was made, and in each the rule as stated was applied.[1] It is true that in the *Cuevas* opinion, note 1, the Texas court observed, in dicta, that in certain circumstances an entire failure to object on grounds rising to constitutional magnitude does not constitute waiver. This observation appears just before the passage from *Cuevas* quoted at note 1, however, and seems to apply only to situations where the grounds in question were novel and unknown. Such cannot have been the case here, where Bass was tried in the spring of 1980 and the precise grounds of objection—overbreadth of Section 12.31(b) under the *Witherspoon* test—had already been upheld by this court a year earlier. *Burns v. Estelle,* 592 F.2d 1297 (5th Cir.1979), *aff'd en banc,* 626 F.2d 396 (1980). We therefore conclude that the Texas rule, while excusing the generality of an objection in such circumstances as these, requires *some* expression of dissent, however vague, from the dismissal of a juror before it may be complained of on appeal.

As for the second contention, we do not regard an occasional act of grace by the Texas court in entertaining the merits of a claim that might have been viewed as waived by procedural default to constitute such a failure to strictly or regularly follow

---

1. In *Cuevas v. State,* 641 S.W.2d 558, 563 (Tex. Cr.App.1982), the opinion states:

   An examination of the voir dire shows that the State, appellant, and the trial court were fully aware of *Witherspoon* issues. Appellant made a sustained and vigorous effort to keep Ward from being excluded. Appellant objected to the successful exclusion of Ward on the grounds that, inter alia, "it would deprive this Defendant of a jury comprised of a fair cross-section of the citizens of this community, and we submit further that he's qualified by his answers." The error was preserved.

   And in *Ex parte Bravo,* (Tex.Cr.App. Dec. 15, 1982) (general objection) and *Hartfield v. State,* 645 S.W.2d 436 (Tex.Cr.App., 1980) (exception to ruling), the same rule was applied.

the state's contemporaneous objection rule as permits us to disregard that rule generally, or where the state court has not done so. The basis of this claim is *Barr v. Columbia,* 378 U.S. 146, 84 S.Ct. 1734, 12 L.Ed.2d 766 (1964), a civil rights case in which the Court refused to accept the generality of exceptions as an independent and adequate state ground barring constitutional review, where the Court was able to point to four separate decisions from the same state court, all handed down within weeks of that before it for review, deeming identical exceptions sufficient. Such selective constructions of identical language are a far cry from our case. Moreover, we do not regard as dicta the language quoted by us in our original opinion from *Henry v. Wainwright,* 686 F.2d 311, 314 n. 4 (1982); and since it is not, we are bound by it. Instead, it is a holding, voiced in response to a party's contention, that we will not excuse a procedural default in a case where state courts have not done so. Until such constructional legerdemain as occurred in *Barr* is drawn before us, we see no occasion to re-examine that holding; and no such thing is apparent here.

IT IS ORDERED that the petition for rehearing filed in the above entitled and numbered cause be and the same is hereby

DENIED.