902 F.2d 1565
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Steve Alexander KIRKPATRICK, Petitioner--Appellant,
v.
Captain MOORE, Superintendent, Respondent--Appellee.
 No. 89-7827.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 28, 1990.
Decided April 25, 1990.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. James B. McMillan, Senior District Judge. (C/A No. 87-213-M-C-C)
 Steve Alexander Kirkpatrick, appellant pro se.
 Lacy Herman Thornburg, Office of the Attorney General of North Carolina, Raleigh, N.C., for appellee.
 W.D.N.C.
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 Before K.K. HALL, PHILLIPS and MURNAGHAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Steve Kirkpatrick, a North Carolina prisoner, filed a 28 U.S.C. Sec. 2254 petition claiming that (1) there was insufficient evidence to convict him of aiding and abetting an armed robbery; (2) the trial judge improperly instructed the jury on aiding and abetting the robbery;[1] (3) the trial judge revoked his probation without notice or a hearing;[2] (4) the trial judge improperly admitted hearsay evidence; and (5) he received ineffective assistance of counsel. On motion of the state, the district court dismissed the petition based solely on the opinion of the North Carolina Court of Appeals in Kirkpatrick's direct appeal. Kirkpatrick now seeks our review of the dismissal of his petition. Finding possible merit in claim (3), we grant a certificate of probable cause to appeal and remand for further proceedings.
 
 
 2
 * Kirkpatrick and Marvin Nelson were charged with the armed robbery of Joe Johnston. The state's evidence[3] showed Nelson entered Johnston's residence and stole personal goods, cash, and Johnston's car. Shortly thereafter, Perry Cochrane, an off-duty state trooper, and his wife saw Nelson and Kirkpatrick unloading goods from Johnston's car to a car being driven by Kirkpatrick. Cochrane's wife took down the license number of the car being driven by Kirkpatrick. The car was traced to Donald Caldwell, who admitted that he had lent his car to Kirkpatrick and Nelson at the time of the crime.[4] Caldwell and his wife also testified that Kirkpatrick had made threats against them after he was arrested. On this evidence, the jury found Kirkpatrick guilty of aiding and abetting the armed robbery.
 
 
 3
 Immediately after the jury returned its verdict, the judge set sentencing on the aiding and abetting charge for the next morning. The following morning, the state put on the testimony of Mr. Taylor, Kirkpatrick's probation officer for a charge of assault with a deadly weapon, to show his conduct on probation and to narrate his criminal history. During his short testimony,[5] Taylor mentioned that Kirkpatrick was also on unsupervised probation for felony breaking and entering from the same county. Defense counsel asked three questions relating to the identity of Kirkpatrick's probation officers in the past and did not ask any other questions. The trial judge asked for arguments relative to sentencing (presumably on the aiding and abetting charge) and after counsel had spoken, spontaneously revoked Kirkpatrick's unsupervised felony probation and sentenced him to serve 3 to 5 years in prison. The court also sentenced Kirkpatrick to 14 years in prison on the aiding and abetting charge, to run consecutively to the probation revocation. Defense counsel did not interpose an objection to the probation revocation proceedings.
 
 II
 
 4
 Kirkpatrick's claim that he was denied notice of the alleged probation violations prior to the hearing and that he never received a formal revocation hearing alleges a constitutional violation under Gagnon v. Scarpelli, 411 U.S. 778, 787 (1973). However, Kirkpatrick is arguably barred from federal review of his claim based on the procedural default found by the North Carolina Court of Appeals when he raised this issue on direct appeal. See Murray v. Carrier, 477 U.S. 478 (1986); Wainwright v. Sykes, 433 U.S. 72 (1977).
 
 
 5
 A procedural default in state court will preclude federal review if there is an "adequate and independent" basis in state law for the procedural rule, see Johnson v. Mississippi, 486 U.S. 578, 587 (1988); James v. Kentucky, 466 U.S. 341, 346-49 (1984), and the petitioner cannot establish cause and prejudice for the default. See Murray, 477 U.S. at 485; Sykes, 433 U.S. at 87. The adequate and independent basis for the rule is a threshold requirement. See Reynolds v. Ellingsworth, 843 F.2d 712, 717 (3d Cir.), cert. denied, 57 U.S.L.W. 3348 (U.S. Nov. 14, 1988) (No. 88-395); Meadows v. Holland, 831 F.2d 493, 497 (4th Cir.1987) (en banc), vacated on other grounds, 57 U.S.L.W. 3569 (U.S. Feb. 27, 1989) (No. 87-6063).
 
 
 6
 Preliminarily, the adequate and independent determination is a federal question. Henry v. Mississippi, 379 U.S. 443, 447 (1965); Reynolds, 843 F.2d at 719. To be sufficient to state a bar under this doctrine, a rule must be "strictly or regularly followed," Johnson, 486 U.S. at 587 (citing Barr v. City of Columbia, 378 U.S. 146, 149 (1964)), and must be "clearly announced to defendant and counsel." Wheat v. Thigpen, 793 F.2d 621, 625 (5th Cir.1986), cert. denied, 480 U.S. 930 (1987). See also Williams v. Lane, 826 F.2d 654, 659 (7th Cir.1987) (state procedural bar that is "novel and sporadically applied" is not an adequate and independent basis to bar federal review); Oliver v. Wainwright, 795 F.2d 1524, 1529 (11th Cir.1986) (same), cert. denied, 480 U.S. 921 (1987). Nonetheless, consistent with comity, a conclusion that there is not an adequate and independent basis for the rule "should not be reached lightly or without clear support in state law." Meadows, 831 F.2d at 497.
 
 
 7
 Applying these principles on this record, we cannot conclude that there is an adequate and independent basis in North Carolina law for the procedural rule. Initially, we have discovered no other North Carolina case in which this rule has been applied in this context. Moreover, the failure of Kirkpatrick's attorney to object at the sentencing hearing[6] arguably did not bar appellate review because the trial judge ignored the statutory requirements of N.C.Gen.Stat. Sec. 15A-1345 (notice and an opportunity to be heard on the question of whether the probation should be revoked ), see State v. Ashe, 314 N.C. 28, 39, 331 S.E.2d 652, 659 (1985), and because this is a ruling of the court to which "there has been no opportunity to make an objection or motion." See N.C.Gen.Stat. Sec. 15A-1446(d)(12). However, in light of the record, we are not able, or inclined, to express a view on this issue. Rather, we think this matter is better developed through the presentations of the parties in the district court.[7]
 
 
 8
 Furthermore, if the district court finds that there is an adequate and independent basis for the procedural rule, we think that Kirkpatrick has alleged sufficient facts to warrant further inquiry into whether he has established cause and prejudice for his default by showing ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668 (1984).[8] We note that the transcript in this case suggests that defense counsel was caught by surprise by the spontaneous probation revocation. Thus, on this record, there is no apparent explanation why counsel did not attempt to halt this unconstitutional proceeding. However, it may be that counsel had some tactical reason for her actions or that Kirkpatrick actually was aware that his probation could be revoked and could not offer any reason not to revoke his probation. Moreover, it is not clear whether this oversight affected the outcome. Therefore, before the district court applies the procedural bar, we think that further development of this issue is warranted.
 
 III
 
 9
 Regarding Kirkpatrick's other claims we find that they are meritless. First, the evidence, taken in a light most favorable to the state, see Jackson v. Virginia, 443 U.S. 307, 319 (1979), was ample to support the conviction for aiding and abetting the armed robbery. Likewise, the evidence was sufficient to support the giving of an instruction on the aiding and abetting charge.
 
 
 10
 We also readily find that Kirkpatrick's trial was not rendered fundamentally unfair by the admission of hearsay testimony from Donald Caldwell. See Grundler v. North Carolina, 283 F.2d 798, 802 (4th Cir.1960).
 
 
 11
 Finally, we find no merit to Kirkpatrick's separate claim of ineffectiveness of counsel for failure to further cross-examine Mr. Johnston, the victim, call Nelson as a witness, and investigate unnamed witnesses.[9] We note that counsel fully questioned Johnston and that the line of inquiry belatedly suggested by Kirkpatrick would not have been helpful in light of the fact that Kirkpatrick decided not to testify in his behalf. Moreover, we see no deficiency by counsel for failing to call Kirkpatrick's co-defendant, Nelson, without any indication from Nelson that he would testify in Kirkpatrick's behalf.[10] Furthermore, we note that Kirkpatrick did not name any witnesses that counsel failed to investigate. Thus, he has not stated a valid claim. See Griffin v. Aiken, 775 F.2d 1226, 1229 (4th Cir.1985), cert. denied, 478 U.S. 1007 (1986). Therefore, Kirkpatrick's ineffectiveness claim is meritless.
 
 IV
 
 12
 In summary, we hold that each of Kirkpatrick's claims, except for the allegation regarding the summary probation revocation proceeding, is meritless and affirm the dismissal of those claims. Regarding the probation revocation claim, we remand to the district court for further proceedings to determine whether there is an adequate and independent basis for the procedural rule applied by the North Carolina Court of Appeals. If there is such a basis, then the district court should determine whether Kirkpatrick can show that his attorney was constitutionally ineffective for failing to object to the revocation proceedings. Accordingly, we grant a certificate of probable cause to appeal, affirm the dismissal of claims (1), (2), (4), and (5), and vacate and remand for further proceedings on claim (3). We dispense with oral argument because the facts and legal contentions are adequately presented on this record and oral argument would not aid the decisional process.
 
 
 13
 AFFIRMED in part, VACATED in part, and REMANDED
 
 
 
 [1]
 Kirkpatrick was charged with armed robbery
 
 
 [2]
 The present record suggests that the trial judge spontaneously revoked Kirkpatrick's probation for another offense during the sentencing hearing on the aiding and abetting charge
 
 
 [3]
 Kirkpatrick did not testify and put on no evidence in his defense
 
 
 [4]
 Kirkpatrick was the husband of Caldwell's sister
 
 
 [5]
 Taylor's entire testimony covers five pages of trial transcript
 
 
 [6]
 Defense counsel did raise this claim in her post-trial motion for appropriate relief
 
 
 [7]
 Neither the parties nor the court has addressed this matter at any point in the proceedings
 
 
 [8]
 We note that Kirkpatrick has properly exhausted this specific claim in state courts. See Murray, 477 U.S. at 489. Although Kirkpatrick raised the issue in his state post-conviction motion, he never received a hearing on this claim
 
 
 [9]
 The district court relied solely on the opinion of the state court in Kirkpatrick's direct appeal and apparently did not independently review this claim
 
 
 [10]
 Nelson was tried jointly with Kirkpatrick but entered a plea of guilty midway through trial