**Raymond C. JOHNSON, Petitioner,**

v.

**John ELLINGSWORTH, Warden, Sussex Correctional Institution, and Charles M. Oberly, Attorney General of the State of Delaware, Respondents.**

Civ. A. No. 90–255–JLL.

United States District Court,
D. Delaware.

Feb. 3, 1992.

Raymond C. Johnson, pro se.

Loren C. Meyers, Deputy Atty. Gen., Delaware Dept. of Justice, Wilmington, Del., for respondents.

## MEMORANDUM OPINION

LATCHUM, Senior District Judge.

## I. INTRODUCTION AND PROCEDURAL BACKGROUND

In July of 1981 the petitioner, Raymond Johnson, was convicted by a jury in Delaware Superior Court of sexual assault, unlawful imprisonment, first degree sodomy, and first degree rape. Docket Item ("D.I.") 9 at 1. Counsel for the petitioners, two public defenders, then filed motions for a new trial. Memorandum ("Memo."), D.I. 2 at 1. While the motions were pending, the petitioner dismissed the public defenders and retained private counsel, Arlen Meckler. Mr. Meckler did not pursue these motions, and the case moved to the sentencing phase. The petitioner was sentenced to life imprisonment plus 67 years on April 19, 1982. *Id.*

On April 23, 1982, Meckler attempted to challenge the convictions in a postconviction motion under former Rule 35 of Delaware's Rules of Criminal Procedure ("First Postconviction Motion").[1] *Id.* at Exhibit ("Ex.") 3. Johnson alleges that he instructed Meckler to file a direct appeal of his conviction, which was never done. *Id.* at 1–2. On May 24, 1982, Johnson attempted to appeal his conviction himself, but the appeal was dismissed as untimely under 10 *Del.C.* § 147 and Delaware Supreme Court Rule 6.[2] *Id.* at Ex 4. Nevertheless, Meckler continued to represent Johnson in the postconviction proceeding. The Superior Court held an evidentiary hearing on the First Postconviction Motion and denied the motion on November 24, 1984, in a lengthy opinion decided on the merits. *Id.* at Ex. 5. Meckler wrote a letter to Johnson informing him of his right to appeal the Superior Court ruling within 30 days, but Johnson alleges that the letter was sent so late that it effectively deprived him of a chance to

---

**1.** Rule 35 provided in pertinent part:

Any person who has been sentenced by the Court may apply by motion for postconviction relief for any meritorious claim challenging the judgment of conviction including claims: (i) That the conviction was obtained or sentence imposed in violation of the Constitution and laws of this State or the United States.

Del.Super.Ct.Crim.R. 35 (1974).

**2.** The statute states:

No appeal from the Superior Court in a criminal action shall be received or entertained in the Supreme Court unless the praecipe or notice of appeal is duly filed in the office of the Clerk thereof within 30 days after the date of the judgment or decree.

10 *Del.C.* § 147. Similarly, Rule 6 of the Delaware Supreme Court Rules provides in pertinent part:

A notice of appeal shall be filed in the office of the Clerk of this Court ... (2) within 30 days after a sentence is imposed in a direct appeal of a criminal conviction; and (3) within 30 days after entry upon the docket of a judgment or order in any proceeding for postconviction relief.

Del.Sup.Ct.R. 6.

appeal.[3] *Id.* at Ex. 6 & Ex. 7. The petitioner attempted to appeal the Superior Court's postconviction decision, but on March 7, 1985, the Delaware Supreme Court found the appeal untimely under 10 *Del.C.* § 147 and Delaware Supreme Court Rule 6. *Id.* at Ex. 8.

■ Over three and one half years later, in October, 1989, the petitioner filed a Motion to Reverse Conviction and Vacate Sentence under Rule 35 ("Second Postconviction Motion"). The Second Postconviction Motion alleged that the petitioner had been denied effective assistance of counsel because of his former attorney's failure to appeal his conviction directly or appeal the dismissal of his First Postconviction Motion, as well as other claims raised in his First Postconviction Motion. *Id.* at Ex. 10. The petitioner had also filed a motion for appointment of counsel in order to pursue his appeal ("Third Postconviction Motion"). *Id.* at 2. The Superior Court denied the Second Postconviction Motion on November 8, 1989, on the grounds that it was later than three years after the conviction, which generally bars appeals under Delaware Superior Court Criminal Rule 61(i).[4] *Id.* at Ex. 11. Implicitly the Superior Court appears to have also denied the Third Post-

conviction Motion. The petitioner attempted to appeal these rulings. *Id.* at 2–3 & Ex. 12. The Delaware Supreme Court affirmed the Superior Court's holding with regard to the Second Postconviction Motion on February 8, 1990, *id.* at Ex. 15, and summarily denied the Third Postconviction Motion on December 16, 1989. *Id.* at Ex. 13. The petitioner then filed a Motion for Reargument, or in the Alternative, for a Rehearing En Banc on February 23, 1990, *id.* at Ex. 16, which the Delaware Supreme Court denied on March 5, 1990. *Id.* at Ex. 17. Because all of the petitioner's claims before the Court have already been addressed to the Delaware courts in previous motions, the petitioner has adequately exhausted his state remedies. *Swanger v. Zimmerman,* 750 F.2d 291 (3d Cir.1984). The petitioner has now brought forth a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* D.I. 2. He alleges that (1) his substituted counsel's failure to file a direct appeal violated his right to effective assistance of counsel; (2) the failure of the Delaware courts to appoint counsel in his postconviction proceedings violated his right to effective assistance of counsel on appeal; and (3) the

---

**3.** The letter was dated December 4, 1984. Memorandum ("Memo."), Docket Item ("D.I.") 1 at Exhibit ("Ex.") 6. The petitioner has included a photocopy of the envelope, alleging that the envelope is dated December 28, 1984. *See id.* at Ex. 7. The quality of the photocopy is too poor to make the postmark date clear. It does appear from the Delaware Supreme Court's Order on March 7, 1985, that Meckler "attempted to explain his apparent delay in communicating with his client." *Id.* at Ex. 8. Because neither the date of the mailing of the letter nor an excuse for the late appeal would alter the Court's analysis, the Court need not attempt to determine these facts.

**4.** Rule 61(i) provides in pertinent part:

(1) **Time Limitation.** A motion for postconviction relief may not be filed more than three years after the judgment of conviction is final or, if it asserts a retroactively applicable right that is newly recognized after the judgment of conviction is final, more than three years after the right is first recognized by the Supreme Court of Delaware or by the United States Supreme Court.

(2) **Repetitive Motion.** Any ground for relief that was not asserted in a prior postconviction

proceeding, as required by subdivision (b)(2) of this rule, is thereafter barred, unless consideration of the claim is warranted in the interest of justice.

(3) **Procedural Default.** Any ground for relief that was not asserted in the proceedings leading to the judgment of conviction as required by the rules of this Court, is thereafter barred, unless the movant shows

(A) cause for relief from the procedural default and

(B) prejudice from violation of the movant's rights.

(4) **Former Adjudication.** Any ground for relief that was formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, is thereafter barred, unless reconsideration of the claim is warranted in the interests of justice.

(5) **Bars Inapplicable.** The bars to relief in paragraphs (1), (2), and (3) of this subdivision shall not apply.

Del.Super.Ct.R. 61(i). The provisions of Rule 61 apply to all postconviction motions brought after January 1, 1989. *Boyer v. State,* 562 A.2d 1186, 1188 (Del.1989).

dismissal of the petitioner's case on a procedural basis without hearing his appeal violated his right to an appeal. Petition, D.I. 2. The respondents have filed an answer requesting the dismissal of the petition. *See* D.I. 9.

## II. DISCUSSION

### A. Procedural Default

Recent decisions of the United States Supreme Court guide our decision. As the Supreme Court has recently held,

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson,* — U.S. —, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991). Accordingly, the Court shall examine the petitioner's claim under this standard.

#### 1. *The Existence of a Procedural Default*

■ The Third Circuit has recently addressed the determination of whether a state court judgment rests on a procedural default in light of recent United States Supreme Court cases. *See Caswell v. Ryan,* 953 F.2d 853 (3d Cir.1992). In 1989, the Third Circuit laid out a test for determining whether a state judgment "reflects a consideration and dismissal of the merits or constitutes a dismissal on procedural grounds caused by untimeliness" by consideration of a number of factors.[5] *See Bond v. Fulcomer,* 864 F.2d 306, 310–11 (3d Cir.

1989). Shortly thereafter, the United States Supreme Court addressed the issue in *Harris v. Reed,* stating that "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment on the case 'clearly and expressly' states that its judgment rests on a state procedural bar." 489 U.S. 255, 263, 109 S.Ct. 1038, 1043, 103 L.Ed.2d 308 (1989) (citations omitted). The Third Circuit held that *Harris* undermined their decision in *Bond. Hull v. Freeman,* 932 F.2d 159 (3d Cir.1991). In *Coleman v. Thompson,* the Supreme Court limited the scope of the plain statement rule of *Harris.* Examination of the habeas petition is barred by procedural default if the judgment of the last state court " 'fairly appears' to rest primarily on state law."[6] *Caswell v. Ryan,* 953 F.2d at 859 (quoting *Coleman v. Thompson,* — U.S. —, 111 S.Ct. 2546, 2557, 115 L.Ed.2d 640 (1991)). After reviewing this doctrinal history, the Third Circuit held that *Coleman* effectively overruled its decision in *Hull,* for the factors in *Bond* rejected by *Hull* accurately foreshadowed the standard in *Coleman. Id.* The Court must therefore determine whether the decision of the Delaware Supreme Court fairly appears to rest primarily on state law.

This case does not test the outer limits of the standard for determining whether a procedural default has occurred. The Delaware Supreme Court was unequivocal and straightforward in its reliance on Delaware law to deny the petitioner's postconviction motion. In its order, the Delaware Supreme Court specifically relied on Rule 61's three year time bar and noted that "Johnson made no effort to show why his otherwise untimely motion for postconviction relief was an exception to the general

---

5. The Third Circuit considered the following factors:

(1) whether the court has used procedural default in similar cases to preclude review of the claim's merit; (2) whether the history of the case suggests that the state court was aware of the procedural fault; and, (3) whether the state court opinions suggest reliance on a procedural grounds or a determination on the merits.

*Bond v. Fulcomer,* 864 F.2d 306, 310 (3d Cir. 1989).

6. If the decision of the last state court is unexplained, it should be presumed in the absence of contrary evidence that the decision rests on the grounds of the last state judgment to explain its rejection of the federal claim. *Ylst v. Nunnemaker,* — U.S. —, 111 S.Ct. 2590, 2594, 115 L.Ed.2d 706 (1991).

requirement of Rule 61." [7] *Johnson v. State,* No. 493, 1989, slip op. at 4 (Del.1990) [571 A.2d 787 (table)] (attached at D.I. 2 at Ex. 15). The order refers exclusively to Delaware procedural rules and Delaware cases. *See id.* Consequently, the decision fairly appears to rely on state procedural grounds.

### 2. *Independence and Adequacy of the State Grounds*

■ In order to judge the independence and adequacy of the state grounds, the Court must ascertain if (1) the state procedural rule speaks in unmistakable terms; (2) all state appellate courts refused to review the petitioner's claims on the merits; and (3) the state courts consistently apply the procedural rules. *Bond v. Fulcomer,* 864 F.2d 306, 311–12 (3d Cir. 1989) (citing *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977)). In this case the applicable state rule clearly bars postconviction motions brought three years after a conviction, absent a showing of cause and prejudice or a miscarriage of justice. *See* Del.Super.Ct.Crim.R. 61(i)(1). The Delaware Supreme Court, the only appellate court addressing the issue, applied this rule in a straightforward manner, stating that the three year bar applied and that Johnson had not established himself to be in any exception. *See Johnson v. State,* No. 493, 1989 (Del.1990) [571 A.2d 787 (table)]. Finally, the rule must be "strictly or regularly followed" in order to be adequate. *Johnson v. Mississippi,* 486 U.S. 578, 108 S.Ct. 1981, 100 L.Ed.2d 575 (1988) (quoting *Barr v. City of Columbia,* 378 U.S. 146, 149, 84 S.Ct. 1734, 1736, 12 L.Ed.2d 766 (1964)). Although the rule is fairly recent, Delaware courts have consistently applied the rule to bar postconviction motions brought after three years. *See, e.g., Mazzatenta v. State,* 593 A.2d 590 (Del.1991) (table) (text in WESTLAW); *Ross v. State,* 588 A.2d 1142 (Del.1991) (table) (text in WESTLAW); *Bagwell v. State,* 586 A.2d 1201 (Del.1991) (table) (text in WESTLAW); *Abdul–Akbar v. State,* 582 A.2d 934 (Del.1990) (table) (text in WEST-LAW); *Younger v. State,* 580 A.2d 552 (Del.1990); *Carter v. State,* 574 A.2d 262 (Del.1990) (table) (text in WESTLAW); *Barr v. State,* 574 A.2d 262 (Del.1990) (table) (text in WESTLAW); *Davis v. State,* 571 A.2d 786 (Del.1990) (table) (text in WESTLAW); *Boyer v. State,* 562 A.2d 1186 (Del.1989); *Robinson v. State,* 562 A.2d 1184 (Del.1989).

The petitioner seems to challenge the adequacy of the state procedural rule and its application here. The petition states that the Delaware courts deprived him of his right to counsel by applying the rule. In effect, the petitioner argues that the use of a state procedural review to bar a federal claim must be unconstitutional, but the United States Supreme Court has emphasized the important role of state procedural rules in the federal system and upheld their application so as to bar federal claims. *See, e.g., Coleman v. Thompson,* — U.S. ——, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Murray v. Carrier,* 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). The petitioner also argues that the Delaware courts erred in their interpretation of Delaware law. The application of the rule is consistent, as previously discussed, and it is not the province of a federal court to review the Delaware Supreme Court's interpretation of Delaware law in a habeas corpus proceeding. *See* 28 U.S.C. § 2254.

Although the Delaware courts explicitly relied on Delaware law, the petitioner also argues that the Delaware courts' use of Rule 61 is not independent of federal law on the basis of *Ake v. Oklahoma,* 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1986). In *Ake* the Supreme Court found that an Oklahoma procedural rule was not independent of federal law where the rule did not apply to violations of the United States Constitution and therefore depended on an antecedent ruling of federal law. *Id.* Johnson contends that Delaware's Rule 61 is similar, because it does not apply to "a colorable claim that there was a miscarriage of justice because of a constitutional

---

**7.** The Delaware Superior Court relied on the same procedural grounds. *See* Memo., D.I. 2 at Ex. 11 (letter to the petitioner from the Superior Court giving notice of the denial of the petitioner's Second Postconviction Motion).

violation that undermined the fundamental legality, reliability, integrity, or fairness of the proceeding leading to the judgment of conviction." Del.Super.Ct.Crim.R. 61(i)(5). The Supreme Court has suggested that *Ake* may be the inappropriate standard for judging the independence of a state judgment in a habeas corpus proceeding, *Coleman*, 111 S.Ct. at 2560, but the petitioner's argument does raise the issue of the independence of the state grounds.

■ The success of the petitioner's claim that he failed to receive the ineffective assistance of counsel on appeal, however, in no way depends on a determination of federal law. The Delaware courts will not address federal law if the claim does not constitute "a miscarriage of justice" that deals with "the fairness of the proceeding leading to the judgment of conviction." These are words that Delaware has written and interpreted and cannot be equated to a federal constitutional violation. The exception is "a narrow one and has been applied only in limited circumstances." *Younger v. State*, 580 A.2d 552, 555 (Del.1990). The Delaware courts have routinely held that a claim of ineffective assistance of counsel is not sufficient to meet this standard, without relying on federal law to make this determination. *See, e.g., Mazzatenta v. State*, 593 A.2d 590 (Del.1991) (table) (text in WESTLAW); *Ross v. State*, 588 A.2d 1142 (Del.1991) (table) (text in WESTLAW); *Bagwell v. State*, 586 A.2d 1201 (Del.1991) (table) (text in WESTLAW); *Abdul–Akbar v. State*, 582 A.2d 934 (Del.1990) (table) (text in WESTLAW); *Younger v. State*, 580 A.2d 552 (Del.1990); *Carter v. State*, 574 A.2d 262 (Del.1990) (table) (text in WESTLAW); *Barr v. State*, 574 A.2d 262 (Del.1990) (table) (text in WESTLAW); *Davis v. State*, 571 A.2d 786 (Del.1990) (table) (text in WESTLAW); *Robinson v. State*, 562 A.2d 1184 (Del.1989). Because the Delaware Supreme Court could have assumed that a violation of the United States Constitution had occurred and still find the exception of Rule 61(i)(5) inapplicable, the state procedural grounds stand independent of federal law. *See Gutierrez v. Moriarty*, 922 F.2d 1464, 1469 (10th Cir.), *cert. denied*, — U.S. —, 112 S.Ct. 140,

116 L.Ed.2d 106 (1991) (where the state court could have merely assumed the existence of a violation of a fundamental constitutional right and found the exception to the state procedural bar inapplicable, "a state court in New Mexico may invoke the procedural bar without ruling on the federal constitutional claim"); *cf. Teague v. Lane*, 489 U.S. 288, 297–99, 109 S.Ct. 1060, 1068, 103 L.Ed.2d 334 (1989) (exception for "fundamental fairness" under Illinois law constitutes an independent ground).

### B. Cause and Prejudice

■ The Court will review the petitioner's claim if the petitioner is able to establish cause for the procedural default and resulting prejudice. *See generally Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). The petitioner points out that he has a right to the effective assistance of counsel on appeal where the state grants a first appeal of right. *See Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985) (the Due Process Clause guarantees the right to the effective assistance of counsel where the state grants a first appeal of right); *Douglas v. California*, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963) (the Equal Protection Clause guarantees the right of effective assistance to counsel to indigent defendants on the first appeal of right). *But cf. McKane v. Durston*, 153 U.S. 684, 687, 14 S.Ct. 913, 915, 38 L.Ed. 867 (1894) (it is "wholly within the discretion of the State to allow or not to allow" an appeal). A claim of ineffective assistance of counsel constitutes "cause" if it is the actual cause of a procedural default. *Murray*, 477 U.S. at 488, 106 S.Ct. at 2645. Furthermore, the deprivation of the effective assistance of counsel has, at least outside of the context of a habeas proceeding, been declared to constitute "prejudice." *Strickland v. Washington*, 466 U.S. 668, 692, 104 S.Ct. 2052, 2067, 80 L.Ed.2d 674 (1984). On this basis the petitioner appears to allege that his former retained attorney's alleged failure to follow his instructions to appeal or promptly notify him of his right to appeal after the Superior Court denied his Second

Postconviction Motion constituted cause and resulting prejudice.

The petitioner's claim fails for two reasons. First, the actions of his former retained attorney, regardless of whether they constituted ineffective assistance of counsel, did not cause the procedural default. In Delaware the appellate court is deprived of jurisdiction to consider an untimely appeal under Delaware law. *Carr v. State,* 554 A.2d 778 (Del.), *cert. denied, Carr v. Delaware,* 493 U.S. 829, 110 S.Ct. 98, 107 L.Ed.2d 61 (1989). The correct remedy for a defendant who claims ineffective assistance of counsel on appeal is to bring a postconviction motion. *Braxton v. State,* 479 A.2d 831 (Del.Super.1984); *cf. Eller v. State,* 531 A.2d 951 (Del.1987) (there is no remedy for an untimely appeal under 10 *Del.C.* § 147). The petitioner brought forth other constitutional claims in his First Postconviction Motion but failed to bring the particular claims he alleges now within the three year period. Second, because there is no right to the effective assistance of counsel in a postconviction motion, a petitioner for a writ of habeas corpus may not allege the ineffective assistance of counsel in such proceedings. *Coleman v. Thompson,* — U.S. —, 111 S.Ct. 2546, 2566, 115 L.Ed.2d 640 (1991); *see also Justus v. Murray,* 897 F.2d 709 (4th Cir.1990) (before ineffective assistance of counsel claim could be raised as cause for procedural default, it could not be procedurally defaulted in postconviction proceeding).

The petitioner also advances the theory that his First Postconviction Motion constituted his first appeal as of right, but even if this theory were accepted, it would not change the Court's analysis. The petitioner filed his Second and Third Postconviction Motions more than three years after the dismissal of the First Postconviction Motion. Therefore, Rule 61 would still effectively bar his new claims of ineffective assistance of counsel. In addition, the rule of *Coleman* would still apply. In *Coleman,* the United States Supreme Court allowed a Virginia trial court to serve as an adequate appeal as of right where a state habeas proceeding in a trial court was the first instance in which the petitioner could have his conviction reviewed. 111 S.Ct. at 2567–68. The Supreme Court then found that there was no right to effective assistance of counsel on the appeal of the trial court's review of the original proceeding. *Id.* at 2568. Similarly, the review Johnson received on the merits in Delaware Superior Court on his First Postconviction Motion under the theory he advances would constitute his one appeal as of right, and Johnson fails to allege ineffective assistance of counsel in that proceeding.

**C. Miscarriage of Justice**

Finally, "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Murray v. Carrier,* 477 U.S. 478, 496, 106 S.Ct. 2639, 2649, 91 L.Ed.2d 397 (1986). The petitioner fails to demonstrate that there has been such a fundamental miscarriage of justice, nor does anything appear in the record that makes such a showing. Relief is therefore not available under this narrow exception.

**III. CONCLUSION**

For the foregoing reasons, an order will be entered denying the application for a writ of habeas corpus and dismissing the petition.